Ezra Lee **HEREDEN**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 6571.

United States Court of Appeals
Tenth Circuit.

Jan. 19, 1961.

Stanley J. Myers, Denver, Colo., for appellant.

John M. Amick, Asst. U. S. Atty., Oklahoma City, Okl. (Paul W. Cress, U. S. Atty., Oklahoma City, Okl., on the brief), for appellee.

Before HUXMAN, PICKETT and LEWIS, Circuit Judges.

PICKETT, Circuit Judge.

The defendant, Hereden, was indicted in the United States District Court for the Western District of Oklahoma for violation of Title 18 U.S.C.A. § 2314. Prior to arraignment, Hereden, through his attorney, moved for a mental examination as provided for in Title 18 U.S.C. A. § 4244, alleging that he had been previously adjudged insane and committed to the Eastern State Hospital at Vinita, Oklahoma. The motion was granted, and Hereden was committed to the Federal Medical Center at Springfield, Missouri for mental examination. The Medical Center reported to the District Judge that its psychiatric staff was of the opinion that the defendant was able to properly assist in his defense and was competent to stand trial. Thereafter Hereden appeared in open court with his counsel, pleaded not guilty, and was tried and convicted of the offense charged.

 The purpose of Section 4244, while specifically preserving the defense of insanity at trial, is to provide a procedure in federal courts for judicially determining mental competency prior to trial. Greenwood v. United States, 350 U.S. 366, 76 S.Ct. 410, 100 L.Ed. 412; Krupnick v. United States, 8 Cir., 264 F. 2d 213. When the defendant in a criminal case has been examined by a qualified psychiatrist as provided for in this

Section, and the report indicates a state of present insanity or mental incompetency, the court shall hold a hearing, after due notice, to determine the mental competency of the accused. After the hearing, the court may find that the accused is mentally competent to stand trial,[1] but the finding "shall in no way prejudice the accused in a plea of insanity as a defense to the crime charged * * *." When the report does not indicate a state of present insanity or mental incompetency, no further action by the trial court on the question of insanity is necessary prior to trial.

 Hereden's argument here is that the allegation of a former adjudication of insanity in a state court had the same effect as a report from a court-appointed psychiatrist that the accused was mentally incompetent to stand trial, which necessitated a judicial determination of his present sanity. There is no merit to this contention. The court accepted the showing of a former adjudication of insanity as reasonable cause for examination under Section 4244. The procedure provided for in that Section was followed, and when the psychiatric report did not indicate mental incompetency, the defendant proceeded to trial without objection, but with the right of insanity as a defense.

This case is not like Gunther v. United States, 94 U.S.App.D.C. 243, 215 F.2d 493, and Contee v. United States, 94 U.S. App.D.C. 297, 215 F.2d 324, in both of which the trial court, relying upon a later psychiatric report showing a return to competency, directed trial of the defendant without a judicial determination of competency, even though, in both instances, the same court had previously made a judicial determination of incompetency.

 We have held in a number of cases that judgment and sentence is not subject to collateral attack in a § 2255

proceeding on the ground that the prisoner was insane at the time of trial or the commission of the offense if these issues were not presented to the trial court or, if raised, they were determined by the trial court. Nunley v. United States, 10 Cir., 283 F.2d 651, and cases cited.

Affirmed.

---

1. When the hearing results in a finding that the accused is mentally incompetent, the court may commit the accused to the custody of the Attorney General, or his authorized representative, until the accused is mentally competent to stand trial or until the pending charges are disposed of according to law. 18 U.S. C.A. § 4246.