**Franklin Delano FLOYD, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 22372.**

United States Court of Appeals
Fifth Circuit.

Sept. 2, 1966.

Franklin Delano Floyd, pro se.

Sampson M. Culpepper, Asst. U. S. Atty., Macon, Ga., for appellee.

Before BROWN, WISDOM and THORNBERRY, Circuit Judges.

JOHN R. BROWN, Circuit Judge:

In a motion to vacate judgement and sentence pursuant to 28 U.S.C.A. § 2255, appellant raised a serious question as to whether he was mentally competent at the time he entered a plea of guilty and was sentenced.[1] We hold that the District Court's denial of that motion without a hearing must be reversed on the ground that appellant has never obtained the judicial determination of this question to which he is entitled since the record does not show conclusively that he is entitled to no relief.

Appellant was arrested on March 15, 1963, for robbery of a national bank. On April 1, 1963, the United States Attorney moved for an order requiring a judicial determination of appellant's mental competency to stand trial pursuant to 18 U.S.C.A. § 4244.[2] In this motion it was alleged that appellant had escaped on March 14, 1963, the day before the alleged offense, from the Criminally Insane Ward of the Milledgeville State Hospital (Georgia) and that the United States Attorney believed that appellant might be mentally incompetent. The District Court granted the motion and ordered appellant delivered to the United States Penitentiary, Atlanta, Georgia, for a psychiatric examination.[3] Appellant remained at the Atlanta Penitentiary from April 4 until June 28, 1963. On June 20, 1963, the prison psychiatrist filed his report with the District Court pursuant to § 4244. After noting that Appellant had been confined

1. Appellant's § 2255 motion and his *pro se* brief to this Court also raise the question of whether he was mentally competent at the time he committed the offense. In the view we take of this case it is unnecessary to reach this question, including the threshold issue of whether mental competency at the time of the commission of the offense may be raised in a § 2255 proceeding.

2. "Whenever after arrest and prior to the imposition of sentence * * * the United States Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency of the accused, setting forth the ground for such belief with the trial court in which proceedings are pending. Upon such a motion or upon a similar motion in behalf of the accused, or upon its own motion, the court shall cause the accused, * * * to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. * * * If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto. * * *"

3. Nothing in the Trial Court's order or in the psychiatric report in response thereto indicates that the scope of the examination was erroneously limited. See Johnson v. United States, 5 Cir., 1965, 344 F.2d 401.

at the Milledgeville State Hospital from November 1, 1962, to March 14, 1963, where his diagnosis was "Schizophrenic Reaction, chronic, undifferentiated type" and where his "prognosis was considered poor" and his "behavior * * * unpredictable," the report concludes:

> "He [Appellant] is impulsive and very easily frustrated. His judgment is extremely poor due to his faulty emotional development. He fails to appreciate the foolish, almost ludicrous quality of * * * [his] reasoning * * *.
>
> * * * * *
>
> "In summary we are dealing here with an individual who manifests what one might call an extremely weak ego structure. The inability to control impulses, accept frustration, delay gratification, and the inability to relate to others except in an attitude of dependency are the significant defects in his immature personality structure. Intellectually, he is able to understand the nature of the proceedings against him and should be able to assist counsel in his own defense. He does not manifest symptoms of psychotic disorganization at the present time although he was diagnosed as suffering from a schizophrenic reaction at the time of his confinement at Milledgeville.
>
> "DIAGNOSTIC IMPRESSION: Passive dependent, emotionally unstable, personality."

Upon receipt of this report, the District Judge allowed Appellant, with appointed counsel present, to plead guilty and then imposed a sentence of 15 years.

About a year and a half after his conviction, Appellant filed his § 2255 motion claiming that he was mentally incompetent at the time he pleaded guilty. In support of this claim he alleged that sometime prior to his offense he had spent two years in a California mental institution and immediately prior to his offense he had been confined in the Milledgeville Hospital.[4] And as to post-conviction indicia of incompetency, he set forth factually that as a consequence of his conviction he was imprisoned at the Federal Penitentiary at Lewisburg, Pennsylvania, where he attempted to commit suicide by jumping off a four-story building, and that because of his mental condition, he was then transferred to the U. S. Medical Center at Springfield, Missouri.[5] Supposedly to obtain evidentiary support for these allegations, Appellant filed with his § 2255 motion a motion to produce his medical records from Springfield. This motion was denied by the District Court, and a similar motion was subsequently denied by this Court since our review ordinarily is that of the record before the District Judge.

The District Judge's order denying Appellant's § 2255 motion without a hearing sets out the following:

> "On July 12, 1963, the defendant waived indictment and entered his plea of guilty. Before entry of the plea, Court-appointed counsel examined the psychiatric report, and he made no

4. He further asserted factually that the § 4244 report failed to take adequate account of both of these confinements. To some extent this criticism is justified. The § 4244 report omits any reference to Appellant's alleged experience in California. It does recite that a letter had been received from Milledgeville in regard to Appellant's diagnosis and prognosis while there, but it does not appear that the psychiatrist who performed the § 4244 examination actually had available or consulted Appellant's medical record at Milledgeville. Appellant has submitted a certified copy of that record to this Court although it was not before the District Court. In addition to alluding to Appellant's treatment in California and to recommending that a copy of the California hospital report be obtained, it notes that Appellant admitted several suicide attempts. At the time of his escape, the medical authorities at Milledgeville thought that Appellant "was still ill and should be returned to the Hospital for further psychiatric care and treatment." On the notice of escape, they described his mental condition as "unimproved."

5. The § 2255 petition was actually filed from Springfield.

contention concerning the defendant's being mentally incompetent. Before imposing sentence, the Court had the benefit of its presentence report and gave consideration to the psychiatric report and also allowed counsel and defendant to make their statements. Defendant coherently discussed with the Court his background and present difficulties. He told the Court that he had been 'properly represented' by counsel."

The original record before this Court on this in forma pauperis appeal did not contain the transcript of Appellant's sentencing, but pursuant to this Circuit's Rule 18 (which adopts the procedure of F.R.Civ.P. 75(h), amended F.R.Civ.P. 75(d) (see 39 F.R.D. 138)), we have had this transcript certified to us by the District Court and have carefully examined it. In short, all this transcript reveals is that the District Court allowed Appellant to waive indictment and to plead guilty prior to any reference by Judge, Prosecutor, Defense Counsel, or Appellant to the psychiatric report and without any inquiry of Appellant or his attorney as to whether they desired to object to the report or raise the issue of incompetency.[6] All that the record reflects is that the District Judge, on the basis of an ex parte psychiatric report, impliedly concluded that Appellant was competent to enter the guilty plea[7] and took no further step toward a judicial determination of that.

On this record, it is clear that Appellant has never, simply never, obtained a hearing on his § 2255 contention that he was mentally incompetent to stand trial, i.e., waive indictment and plead guilty. Indeed, the Government apparently concedes as much. Instead, it relies on cases such as Caster v. United States, 5 Cir., 1963, 319 F.2d 850, cert. den., 1964, 376 U.S. 953, 84 S.Ct. 972, 11 L.Ed.2d 973, Hereden v. United States, 10 Cir., 1961, 286 F.2d 526, and Coffman v. United States, 10 Cir., 1961, 290 F.2d 212, for the proposition that prior to trial of the criminal case there is no necessity for a hearing and findings on competency to stand trial by the Trial Court *unless* the § 4244 psychiatric report "indicates a state of present insanity." [8] See note 2, supra. We do not take issue with this proposition.[9] But it is of little relevance at this stage of the proceedings, for this is not an appeal

6. The transcript does reveal, from the comments of Appellant's counsel after the Court accepted his plea of guilty, that counsel was familiar with the contents of the psychiatric report, and thus had access to it prior to allowing his client to plead guilty.

7. Out of an abundance of caution, we have even requested the Court Reporter present at the sentencing to examine his notes for some indication of a further reference to Appellant's competency or to the psychiatric report. According to the report to us by the Clerk of the District Court, the Reporter has found nothing to add to the transcript of Appellant's sentencing.

8. Accord, Formhals v. United States, 9 Cir., 1960, 278 F.2d 43, 48, Meador v. United States, 9 Cir., 1964, 332 F.2d 935, 936, Krupnick v. United States, 8 Cir., 1959, 264 F.2d 213. The D.C. Circuit has reached the same conclusion in interpreting D.C.Code § 24–301(a), which, like § 4244, contains no express prescription for the Trial Court to follow when the mental examination results in a report of competency. Whalem v. United States, D.C.Cir., 1965, 346 F.2d 812, 815 & n. 2, cert. denied, 1965, 382 U.S. 862, 86 S.Ct. 124, 15 L.Ed.2d 100; accord, Green v. United States, D.C.Cir., 1965, 351 F.2d 198; Trest v. United States, D.C.Cir., 1965, 350 F.2d 794 but cf. Pouncey v. United States, D.C.Cir., 1965, 349 F.2d 699; Hansford v. United States, D.C.Cir., 1966, 365 F.2d 920.

9. We do, however, deplore with others the use of the terms "presently insane" and "present insanity" in § 4244. Such terminology is unfortunate since it confuses competency to stand trial—the only relevant inquiry under § 4244—with the entirely different question of criminal responsibility. As to these two distinct questions, there is a difference in the mental capacity required and the times at which it is required. See Johnson v. United States, 5 Cir., 1965, 344 F.2d 401, 406 n. 13, 408 n. 16. Compare Rees v. Peyton, 1966, 384 U.S. 312, 86 S.Ct. 1505, 16 L.Ed.2d 583 (mental capacity to with-

from the conviction alleging a failure to comply with the statutory machinery of § 4244 but an appeal from the denial of a § 2255 motion alleging that Appellant was unconstitutionally put to trial while mentally incompetent.[10] In such a collateral proceeding under § 2255 mere trial errors, such as a failure to comply with § 4244, cannot be corrected. See Van De Bogart v. United States, 5 Cir.,

draw petition for certiorari). The following colloquy took place at the Table Rock Conference on Legal and Administrative Problems Relating to Mentally Ill Federal Offenders at Kimberling City, Missouri, April 19, 20, 1963:

"2. Should the word 'Insane' be deleted, to limit the examination exclusively to the issue of competence? Now, that is under 4244.

DR. SETTLE [Warden, Medical Center for Federal Prisoners, Springfield, Missouri]: My answer to this is, 'Yes.' I think the fact that it says, 'may be presently insane or otherwise so mentally incompetent,' confuses the issue, because of the connotation of 'insane,' as relating to responsibility. When you tie that into the last two sentences of this section, about which there is a great deal of confusion, it seems to me it would be much clearer if 4244 dealt only with the problem of competency, 'is he so sick as to be incompetent.'

JUDGE BECKER [W.D.Mo.]: I see no legal objection to that. That is the issue anyway.

JUDGE GIBSON [W.D.Mo.]: That is the issue under 4244.

DR. SETTLE: But when you have that word 'insane' in there, another issue is injected.

* * * * *

JUDGE OLIVER [W.D.Mo.]: * * * here is another example of where the statutes as presently drafted are being utilized by district judges, or attempts are being made, and the district judges and the Medical Center are expressing opinions which are really not authorized within the scope of 4244 as it now reads. Many people, judges and lawyers alike, are trying to take 4244 and to have the people at the Medical Center give testimony on the question of responsibility at the time of the offense. The issue and sole authorized inquiry under 4244 is very, very simple. * * * I doubt most seriously whether or not there is any real power or authority under this statute for the Medical Center to volunteer any opinion on anything except this competency to stand trial question. * * * the volunteering of a judgment and opinion as to criminal responsibility at the time of the offense is completely beyond the authorization of what Congress had in mind."

10. In this respect, it is significant that *Caster*, *Coffman*, *Formhals*, and *Meador* were all appeals from convictions, not collateral attacks pursuant to § 2255. *Hereden* appears to be an appeal from denial of § 2255 relief, but the affirmance of such denial can be explained by the rule, then followed in the 10th Circuit, "that judgment and sentence is not subject to collateral attack in a § 2255 proceeding on the ground that the prisoner was insane at the time of trial * * * if these issues were not presented to the trial court or, if raised, they were determined by the trial court." Hereden v. United States, supra, 286 F.2d at 527; see Clay v. United States, 10 Cir., 1962, 303 F.2d 301, cert. denied, 1963, 372 U.S. 970, 83 S.Ct. 1095, 10 L.Ed.2d 132; Nunley v. United States, 10 Cir., 1960, 283 F.2d 651. Perhaps before, see Sanders v. United States, 5 Cir., 1953, 205 F.2d 399, and certainly after, see Gregori v. United States, 5 Cir., 1957, 243 F.2d 48, 53–54, the Supreme Court's decision in Bishop v. United States, 1956, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835, vacating, D.C.Cir., 1955, 223 F.2d 582, we have not followed such a rule in this Circuit. See Johnson v. United States, 5 Cir., 1965, 344 F.2d 401; cf. Van De Bogart v. United States, 5 Cir., 1962, 305 F.2d 583. And since Sanders v. United States, 1963, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148, the rule has no longer been followed in the 10th Circuit. See Nunley v. Taylor, 10 Cir., 1964, 330 F.2d 611 (expressly overruling Nunley v. United States, 283 F.2d 651, supra, to the extent that it held § 2255 unavailable to attack competency to stand trial); Ellison v. United States, 10 Cir., 1963, 324 F.2d 710; Nipp v. United States, 10 Cir., 1963, 324 F.2d 711.

It is also significant to note that Whalem and the other cases from the D.C. Circuit cited in note 8, supra, for the proposition that a pre-trial hearing on competency is not required when the medical report fails to indicate incompetency, were all direct appeals from convictions, not appeals in § 2255 proceedings. The Court in *Whalem* itself noted this distinction. 346 F.2d at 816 n. 5. Compare Bostic v. United States, 1961, 112 U.S.App.D.C. 17, 298 F.2d 678.

1962, 305 F.2d 583, 587; cf. Delegal v. United States, 5 Cir., 1966, 363 F.2d 433, and cases there cited. But at the same time, we have often emphasized that mere compliance with the procedures afforded by §§ 4244, 4245, or 4208(b) does not carry the day in a § 2255 proceeding. Gregori v. United States, supra; Van De Bogart v. United States, supra; Johnson v. United States, supra. As we said in *Van De Bogart:*

> "* * * [I]t may seldom any longer be true that the answer may be found in the simple terms of compliance or non-compliance with a specific statute. That certainly is true when the attack on mental competency to stand trial is asserted by post-conviction remedies of a collateral kind such as * * § 2255. * * * [A] District Judge may not satisfy the duty to provide a judicial ascertainment of the fact [of competency] in a proper case * * * merely because some statutory mechanisms relating to mentally incompetent defendants is utilized or ignored * * *. What he does, just as what he does not do, must be scrutinized in terms of the real substance of things.
>
> * * * * *
>
> In assaying the actions of the District Judge, it is no longer decisive whether this was a misuse of [the statutory mechanism]. * * * *The question* remains, however, whether, conceding a propriety of its use in the first instance, did the information generated by, and reflected in, that [psychiatric] Report require any new or further action?"

305 F.2d at 584, 587.

Thus, we may here concede that the trial Judge was not compelled by the information generated by the § 4244 report to hold a hearing on Appellant's competency to stand trial prior to acceptance of his guilty plea and sentencing.[11] Rather we now concentrate our attention of the unquestioned fact that in his subsequent § 2255 motion Appellant, by detailed factual reference to his escape from a mental institution the day before he committed the offense and to his post-conviction confinement at Springfield for psychiatric treatment, raised a serious factual question about his competence to stand trial but that nevertheless this § 2255 motion was denied without a hearing on this question. There is no longer any doubt about the availability of § 2255 to raise this question. Bishop v. United States, supra; Sanders v. United States, supra; Gregori v. United States, supra; Van

11. Of course, this does not mean that the trial Judge would have been in error in holding such a hearing *sua sponte*, or at least in making inquiry of Appellant and his counsel whether they were familiar with the psychiatric report and desired to raise, and have an evidentiary hearing on, the issue of competency to stand trial. And short of these possibilities for efficient husbandry of judicial energy, it would have been proper for the Judge, alerted as he was to Appellant's serious mental condition in the immediate past, to seek from the examining psychiatrist a clarification of what appear to be ambiguities, contradictions, and even deficiencies in his report. For example, it is difficult to reconcile the report's boilerplate conclusion that Appellant is "intellectually" able to understand the nature of the proceedings and assist counsel in his defense with the specific findings that Appellant has "extremely poor" judgment, "ludicrous * * * reasoning," and an inability to "control impulses, accept frustration, delay gratification, and * * * relate to others." Perhaps the reconciliation is found in the adverb "intellectually" which modifies the competency conclusion. But in any case, such a conflict "inevitably presents the problem of interpreting, analyzing and drawing inferences from a medical, psychiatric report", and "Judges do not have the training and experience to permit them to" make such a medico-legal reconciliation unaided by an evidentiary hearing, or at least further assistance of the expert. See Van De Bogart v. United States, supra, 305 F.2d at 588. Especially is this so where the report fails to indicate how long Appellant was examined or how—e. g., tests—he was examined other than through personal interview. For a full discussion of what the § 4244 psychiatric report ideally should include, see Table Rock Conference on Legal and Administrative Problems Relating to Mentally Ill Federal Offenders, April 19, 20, 1963.

De Bogart v. United States, supra; Brown v. United States, 5 Cir., 1959, 267 F.2d 42; Alexander v. United States, 5 Cir., 1961, 290 F.2d 252, cert. denied, 1962, 368 U.S. 891, 82 S.Ct. 144, 7 L.Ed. 2d 89. Hughes v. United States, 5 Cir., 1962, 303 F.2d 776.[12] And likewise, it can no longer be contended, as the Government here does, that a defendant's failure to raise the question of competency at trial precludes his raising it subsequently in a § 2255 proceeding—even when the question was presented by a pretrial psychiatric report and considered by the Trial Court and even though much the same facts alleged in the § 2255 motion were made known prior to the trial.[13] Bishop v. United States, supra;[14] Taylor v. United States, supra; Bostic v. United States, supra; Nelms v. United States, supra. For neither can it be said that Appellant's failure to raise this question constituted a waiver,[15] nor can it be held that the Trial Court's acceptance of his guilty plea amounted to a judicial determination of competency immune from collateral attack.[16]

12. Accord, e. g., Bostic v. United States, 1961, 112 U.S.App.D.C. 17, 298 F.2d 678; Lloyd v. United States, 1957, 101 U.S. App.D.C. 116, 247 F.2d 522; Nelms v. United States, 4 Cir., 1963, 318 F.2d 150, and cases cited at 153 n. 2; United States v. Walker, 6 Cir., 1962, 301 F.2d 211; Swisher v. United States, 8 Cir., 1964, 326 F.2d 97; Taylor v. United States, 8 Cir., 1960, 282 F.2d 16; Stone v. United States, 9 Cir., 1966, 358 F.2d 503; Bell v. United States, 9 Cir., 1959, 269 F.2d 419; Birdwell v. United States, 9 Cir., 1965, 345 F.2d 877. See note 9, supra.

13. Of course, the instant § 2255 motion alleges events e. g., Appellant's suicide attempt at Lewisburg and transfer to the Springfield Medical Center, which had not occurred at the time of trial and thus were not considered by the § 4244 report.

14. In its per curiam opinion in *Bishop* the Supreme Court remanded the case for a hearing on the defendant's § 2255 claim of incompetency even though a psychiatric report indicating competency was before the Trial Court at the time of the original trial. Bishop v. United States, 1955, 96 U.S.App.D.C. 117, 223 F.2d 582, 585 n. 7, vacated 1956, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835. See Stone v. United States, supra, 358 F.2d at 506 n. 4.

15. The Supreme Court has recently noted that "it is contradictory to argue that a defendant may be incompetent, and yet knowingly or intelligently 'waive' his right to have the court determine his capacity to stand trial." Pate v. Robinson, 1966, 383 U.S. 375, 384, 86 S.Ct. 836, 841, 15 L.Ed.2d 815, 821. Of course, the doctrine of waiver may have some vitality in the abuse-of-remedy exception to the hearing requirement of § 2255. As explained in Sanders v. United States, supra, 373 U.S. at 17–19, 83 S.Ct. at 1078–1079, 10 L.Ed.2d at 162–163, this exception dispenses with the necessity for a hearing on a prisoner's § 2255 motion where the ground alleged in that motion was deliberately withheld from assertion by the prisoner in a prior § 2255 motion. And, it would seem, the same equitable principles underlying this exception would apply where the ground asserted in an original § 2255 motion was deliberately withheld from assertion at trial. However, the Court in *Sanders* made clear that the test used to determine abuse-of-remedy in the § 2255 area is the same as the test laid down in Fay v. Noia, 1963, 373 U.S. 391, 438–439, 83 S.Ct. 822, 848–849, 9 L.Ed.2d 837, 868–969, for determining whether there had been a deliberate-by-pass of state courts in the federal habeas area. And in *Fay*, adopting the "classic definition of waiver enunciated in Johnson v. Zerbst [304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461] * * *—'an intentional relinquishment or abandonment of a known right or privilege' ", the Court made clear that "waiver" depends on "the considered choice of the petitioner" and that "a choice made by counsel not participated in by the petitioner does not automatically bar relief." Ibid. And even here, before denying relief without a hearing on the merits, the District Court must have "satisfied itself, by holding a hearing or by some other means, of the facts bearing upon the applicant's default." Ibid.

16. Only if the § 4244 report concludes that the defendant is incompetent is there a necessity to hold an evidentiary hearing and make a judicial determination supported by specific findings. See note 8, supra, and accompanying text. If the report concludes that the defendant is competent, then the statute requires no hearing and the Judge's acceptance of the

This brings us to the determinative question in this case: whether the files and records accompanying Appellant's § 2255 motion conclusively show that he was entitled to no relief, thus dispensing with the necessity for an evidentiary hearing. The District Court based its affirmative answer to this inquiry on two grounds: (1) its observation of the Appellant at his trial (his coherent discussion of his difficulties and acknowledgement that he had been properly represented by counsel) and (2) the conclusion of the psychiatric report.

As to the first ground, it has been frequently held that the Trial Court's observation of the defendant at trial cannot be the basis for denying a hearing on a § 2255 motion raising the issue of competency. See e.g., Sanders v. United States, 1963, 373 U.S. 1, 20, 83 S.Ct. 1068, 1079, 10 L.Ed. 148, 164; Sanders v. United States, 5 Cir., 1953, 205 F.2d 399, 401; Bostic v. United States, supra, 298 F.2d at 680; Taylor v. United States, supra, 282 F.2d at 22; cf. Machibroda v. United States, 1962, 368 U.S. 487, 495, 82 S.Ct. 510, 514, 7 L.Ed.2d 473, 479. In a different but relevant context, the Supreme Court recently held that a defendant's

> "mental alertness and understanding displayed in * * * 'colloquies' with the trial judge * * * offers no justification for ignoring the uncontradicted testimony of * * * [his] history of pronounced irrational behavior. While * * * [his] demeanor at trial might be relevant to the ultimate decision as to his sanity, it cannot be relied upon to dispense with a hearing on that very issue."

Pate v. Robinson, 1966, 383 U.S. 375, 385, 86 S.Ct. 836, 842, 15 L.Ed.2d 815, 822.

As to the second ground, the Trial Court's reliance on the § 4244 report, we conclude that the Court erred in holding that the report conclusively showed that Appellant was entitled to no relief. In so concluding, we view the psychiatric report as if it were presented for the first time in the § 2255 proceeding, for the mere fact that it was before the trial court ex parte at the time of trial does not require that, in the subsequent collateral proceeding, it be read as conclusively showing competence.[17] Although it stands as the ex parte expression of a single psychiatrist that Appellant was competent to stand trial, on its face it shows that just four months prior to the trial Appellant had been suffering from a serious mental condition which competent psychiatrists thought was "unimproved." This is almost the situation we confronted in *Van De Bogart:*

> "* * * [W]here the Report * * * shows on its face serious mental condi-

defendant's plea on the basis of the ex parte report is not the kind of judicial determination that precludes relitigation of the same question in a collateral proceeding. The 8th Circuit has made this clear in Krupnick v. United States, supra, 264 F.2d 213, 217:

> "* * * [I]n situations where there have been no such hearing and finding under § 4244, the question of the mental competency of a prisoner to have understood the proceedings against him and to have been able properly to assist in his own defense will be subject to being raised by a motion under 28 USCA § 2255."

*Accord.* Stone v. United States, supra. To the extent that Dodd v. United States, 10 Cir., 1952, 196 F.2d 190, cert. denied, 343 U.S. 987, 72 S.Ct. 1084, 96 L.Ed. 1374, relied on by the Government in this case, is to the contrary—if at all authoritative in the 10th Circuit today, see note 9, supra—we decline to follow it.

17. This is precisely what we did in Van De Bogart, where "the very same information presented in the § 2255 proceeding as the ground requiring relief was not only known to the sentencing Court, but it was before the sentencing Court in the very same form [i.e., a § 4208 report]." 305 F.2d at 587. There we held "that from the viewpoint solely of the 1961 proceeding under § 2255, the information reflected in the § 4208 Prison Report of 1960 was such as to require a further hearing to determine whether Petitioner was competent to stand trial." Ibid.

tions [there, as here, schizophrenic reaction, chronic undifferentiated type] existing at a time immediately after the plea and sentencing, the Judge may not reach the portentous conclusion of mental competency solely on the basis of such ex parte medical-psychiatric or institutional reports. A further judicial hearing must be held * * *."

305 F.2d at 588. And *Van De Bogart* cannot be distinguished on the ground that here the serious mental condition reflected in the report existed prior to, rather than after, the trial. In the first place, Appellant's § 2255 motion, in addition to relying on his pre-conviction Milledgeville experience, alleged several post-conviction, post-§ 4244-report, occurrences which throw doubt on his earlier competency. See Stone v. United States, supra. In the second place, some cases come close to holding that an ex parte psychiatric report that a defendant is competent to stand trial—even absent any reference in or outside of the report to a serious mental condition—can never serve as the basis for denying a hearing on a § 2255 motion.[18] We need not go that far. We need only repeat what was said in Nelms v. United States, supra, 318 F.2d at 154:

"Ordinarily the question of mental competency to stand trial is not one which comes within the excusatory provision of 28 U.S.C.A. § 2255, making unnecessary a hearing where the motion and the files and records in the case conclusively show that the prisoner is entitled to no relief."

Of course, recognizing that "the too promiscuous grant of evidentiary hearings on * * * [2255's] could * * * swamp the dockets of the District Courts * * *, while the too-limited use of such hearings would allow many grave constitutional errors to go forever uncorrected," we deem it appropriate to add these further observations for the guidance of the District Judges "on the front line" who must make "[t]he accommodation of these competing factors." Townsend v. Sain, 1963, 372 U.S. 293, 319, 83 S.Ct. 745, 760, 9 L.Ed.2d 770, 789. In this case, it is evident that two things of significance coincide: (1) an ex parte psychiatric report which reflects conditions requiring expert guidance in evaluation of it, and (2) the absence of an evidentiary hearing on competency to stand trial prior to the criminal trial. If such a hearing is held and judicial determination of competency is made, it is, of course, entirely possible that matching the factual assertions in the subsequent § 2255 petition against the facts determined in the earlier pretrial judicial hearing may demonstrate that nothing new is presented requiring a further evidentiary hearing. And even if this comparison does not conclusively show that petitioner is entitled to no relief, the facts asserted as the basis for relief in the § 2255 motion may have been so fully developed at the trial and the record so complete—with the petitioner offering to prove no new facts—that without a further evidentiary hearing the Judge may judicially determine the merits of the contention and either grant or deny relief as appropriate. Remembering always that principles of res judicata, as such, are not a part of habeas-like post-conviction remedies, so that an earlier ruling does not foreclose reconsideration or even a change of result, the Constitution does not require that another evidentiary hearing must be held to rehear evidence on facts already fully developed in an earlier judicial determination. Townsend v. Sain, supra; Sanders v. United States, supra. Hence this decision does

18. See Bell v. United States, supra; cf. Stone v. United States, supra; Taylor v. United States, supra. In *Bell*, the 9th Circuit stated:

"The obvious purport of the Supreme Court's decision in Bishop v. United States, supra, is that the conclusive showing, required for the exception to the hearing requirement of section 2255, may not be established solely on the basis of affidavits on the issue of trial competency. Accord, Gregori v. United States, supra."

269 F.2d at 420 n. 3.

not foreshadow the automatic certainty of a new evidentiary hearing every time a § 2255 motion is filed challenging competency.[19]   Furthermore, even when an evidentiary hearing is required in those cases where the record does not conclusively belie the movant's claim, it is clear it will not automatically be necessary to return the petitioner from prison to enable him to testify.   Machibroda v. United States, supra, 368 U.S. at 495–496, 82 S.Ct. at 514, 7 L.Ed.2d at 479; Sanders v. United States, supra, 373 U.S. at 20–22, 83 S.Ct. at 1079–1080, 10 L.Ed.2d at 164–165.

■   Here we simply hold that Appellant is entitled to an evidentiary hearing, and this case is reversed and remanded for that purpose.   We leave initially to the District Court, in its sound discretion, the question whether this hearing can be conducted without the Appellant present.   Sanders v. United States, supra.

Reversed and remanded.

19.  An example will demonstrate these two possibilities for disposing of the § 2255 claim on incompetency short of a full evidentiary hearing.  If a pretrial competency hearing were held and a judicial determination of competency made by the Trial Court, a subsequent § 2255 motion asserting the same facts developed at the pretrial hearing could be denied without a hearing on the ground that the record

conclusively shows that petitioner is entitled to no relief. Suppose, however, that an intervening Supreme Court decision has changed the definition of competency to stand trial and has ruled such change retroactive. Then, of course, the record might not conclusively show that petitioner is entitled to no relief. Nevertheless, the facts relating to petitioner's mental condition may have been so fully developed at the pretrial hearing and the record so complete, that the Judge may judicially determine the competency question raised by the § 2255 motion without any necessity for a further evidentiary hearing. All of this demonstrates that the word "hearing" is one of many meanings.