Billy Ray **BREWSTER**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 24534.

United States Court of Appeals,
Ninth Circuit.

Nov. 23, 1970.

As Amended on Denial of Rehearing
Jan. 28, 1971.

Billy Ray Brewster, in pro. per.

Sherman F. Furey, Jr., U. S. Atty., Jay F. Bates, Asst. U. S. Atty., Boise, Idaho, for appellee.

Before HAMLEY, ELY and WRIGHT, Circuit Judges.

HAMLEY, Circuit Judge:

Billy Ray Brewster appeals from an order entered without a hearing, denying his motion, made under 28 U.S.C. § 2255, to vacate his conviction and sentence on charges of forgery (18 U.S.C. § 495), and mail theft (18 U.S.C. § 1708).

Brewster was charged with fourteen counts of forgery and mail theft. On March 3, 1969, he appeared before the district court, at which time his counsel and Government counsel joined in a request that he be examined, pursuant to 18 U.S.C. § 4244, to determine if he was then mentally competent to understand the proceedings and assist in his defense.

A psychiatrist was appointed and, over a period of about thirty days, Brewster was hospitalized for a psychiatric examination. On April 18, 1969, the psychiatrist reported that Brewster "is able to understand the charges which have been filed against him and he is fully able to assist and cooperate with his attorney," despite the fact that he had some brain damage and was of "borderline intelligence."

Brewster and his counsel appeared before the district court on May 5, 1969. After ascertaining that Brewster had no evidence to offer concerning his mental capacity at that time the court found, on the basis of the psychiatric report, that Brewster was then competent to understand the proceedings then in progress and to aid his counsel in his defense. The court then proceeded to receive Brewster's pleas to the fourteen counts of the indictment, meticulously following the procedure prescribed by Rule 11, Federal Rules of Criminal Procedure.

Brewster pleaded guilty to one charge of forgery (count one), and one charge of mail theft (count eight). He then pleaded not guilty to the remaining twelve forgery and mail theft charges. Convictions were entered on the two charges to which Brewster pleaded guilty. Upon the motion of the United States Attorney, the remaining twelve counts were thereupon dismissed. The concurrent sentences on the two charges on which convictions were entered consisted of commitment for treatment and supervision pursuant to 18 U.S.C. §

5010(b), until discharged by the Federal Youth Correction Division of the Board of Parole, as provided by 18 U.S.C. § 5017(c).

Brewster filed this section 2255 motion on June 19, 1969. He asserted two grounds for relief: (1) the psychiatric report was based upon only a thirty-day hospitalization and examination, whereas he should have been sent to the United States Medical Center, at Springfield, Missouri, for a ninety-day examination; and (2) he was not mentally competent to enter the pleas of guilty on May 5, 1969. The district court denied the motion, without hearing, on the day it was filed. It did so on the ground that after a full consideration of the motion and a review of the file and record, " * * * it conclusively appears and the court finds that the petitioner is entitled to no relief."

On this appeal Brewster renews the grounds for section 2255 relief which he urged in the district court.[1]

Under the express terms of section 2255, a motion thereunder may be denied without a hearing only if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief. As stated above, the district court so concluded with regard to both grounds for relief urged in the section 2255 motion.

■ Concerning the assertion that the psychiatric report should have been preceded by a ninety-day commitment to the United States Medical Center, the district court correctly determined that the motion, files and records conclusively show that Brewster is not entitled to section 2255 relief.

The governing statute, 18 U.S.C. § 4244, provides that for the purpose of the examination " * * * the court may order the accused committed for such reasonable period as the court may

determine to a suitable hospital or other facility to be designated by the court." The place and length of commitment for purposes of a section 4244 report to the court is accordingly left to the court's discretion. Nothing alleged in Brewster's section 2255 motion tends to show that the court abused its discretion in this regard.

This brings us to the district court's determination that the section 2255 motion, files and records conclusively show that Brewster is not entitled to relief on the ground that he was not mentally competent to enter a plea of guilty on May 5, 1969.

The district court order does not state what recitals in the motion, files and records led the court to reach this conclusion. We must therefore determine whether any of the circumstances or combination of circumstances revealed by these documents support the court's determination that Brewster is not entitled to a hearing on his incompetency allegations.

One such circumstance which the district court may have thought significant is that, immediately prior to accepting Brewster's pleas of guilty, the court had determined that he had the requisite competency.

■ Had the prior determination of Brewster's mental competency been preceded by an evidentiary hearing, the court would not have been required to consider the question again in this collateral proceeding, in the absence of unusual circumstances of a kind which are not alleged in Brewster's motion. *See* Hanson v. United States, 406 F.2d 199, 202 (9th Cir. 1969).

■ But here, since the psychiatrist reported that Brewster was mentally competent, the court was not required to hold an evidentiary hearing on this issue before accepting the pleas, and did

---

1. He also urges two additional grounds for reversal which were not presented in his section 2255 motion and which we accordingly decline to consider on this appeal, *i. e.*: (1) in view of his mental

condition at the time of the alleged offenses, he is not criminally responsible; and (2) the sentence should have been less "stringent."

not do so. *See* Stone v. United States, 358 F.2d 503, 506 (9th Cir. 1966). Since there was properly no evidentiary hearing as to Brewster's sanity at that time, the determination then made that he was sane does not deprive him of the right to an evidentiary inquiry into the matter in this section 2255 proceeding. As we said in *Stone* at 506:

> "At most, only a finding made following such notice and hearing would bind the accused and be immune from collateral attack."

In this regard it is immaterial that, before accepting the pleas, Brewster was offered an opportunity to produce evidence but had none to offer. *See* Floyd v. United States, 365 F.2d 368, 377 (5th Cir. 1966).

It is true that the psychiatric report expressed the view that Brewster was mentally competent to plead and stand trial and that, at the time Brewster pleaded guilty, he was represented by counsel who was aware of that report and did not take exception to it. As before indicated, this warranted the court in accepting the guilty plea without having an evidentiary hearing. Under ordinary circumstances it would also warrant denial, without an evidentiary hearing, of a subsequent section 2255 motion questioning defendant's mental competency at the time the plea was received.

But in this case there were these special circumstances: (1) Brewster alleged that the psychiatric report was based upon an inadequate examination; (2) the report itself contains statements which tend to undermine the conclusion the doctor reached ("* * * we are dealing with a brain damaged individual, who is of borderline intelligence,"); and (3) the section 2255 motion contains allegations of fact throwing further doubt upon Brewster's mental capacity ("born paralyzed, Body, Sprit, and Brain," "does not have complete understanding at no time, and has been that way since birth," "when petitioner pleaded guilty he was hearing voices, and seeing things, and could not give he's [sic] attorney proper information for he's [sic] defense * * *.")

Under these special circumstances we conclude that the psychiatric report of May 5, 1969, and the determination of mental competency based thereon, did not warrant the denial of a section 2255 evidentiary hearing.

██ The district court may have thought Brewster is not entitled to an evidentiary hearing on the competency question in this collateral proceeding because the same judge before whom this proceeding was brought observed and talked with Brewster at the time the pleas were received. However, the district judge's observation of a petitioner at a prior trial or plea proceeding is not an adequate ground for denying a hearing on his section 2255 motion raising the issue of competency. *See* Sanders v. United States, 373 U.S. 1, 20, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963) (a section 2255 proceeding in which it was contended that the petitioner was mentally incompetent because he was under the influence of narcotics at the time he pleaded guilty); *Floyd, supra,* 365 F.2d at 378.

██ In our opinion, the motion, files and records reveal no other circumstances, or combination of circumstances, which conclusively show that Brewster is not entitled to relief on his incompetency allegations.

Reversed and remanded for further proceedings consistent with this opinion. In the event that the further proceedings lead to a vacating of the judgment of conviction and sentence on counts one and eight, then the dismissal of the remaining twelve counts of the indictment, apparently agreed to by the United States Attorney pursuant to plea bargaining, may, on the motion of the Government, and in the discretion of the district court, be reinstated. *See* Castro v. United States, 396 F.2d 345, 349–350 (9th Cir. 1968); Munich v. United States, 337 F.2d 356, 361 (9th Cir. 1964); Palomino v. United States, 318 F.2d 613, 617 (9th Cir. 1963).