**Edward S. LOPEZ, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 25832.

United States Court of Appeals, Ninth Circuit.

March 8, 1971.

Eugene A. Wright, Circuit Judge, dissented and filed opinion.

Edward S. Lopez, in pro. per.

Robert L. Meyer, U. S. Atty., David R. Nissen, Chief, Crim. Div., Eric A. Nobles, Chief, Crim. Complaints, Los Angeles, Cal., for respondent-appellee.

Before DUNIWAY, ELY and WRIGHT, Circuit Judges.

DUNIWAY, Circuit Judge:

On May 29, 1968, Lopez, also known as Hopkins, was charged in a three count indictment with violating 18 U.S. C. § 2113(a) by robbing three different national banks. On motion of his counsel, a psychiatrist was appointed to examine him as to his competency to stand trial. See 18 U.S.C. § 4244. On September 23, 1968, the psychiatrist's report, which found Lopez competent to stand trial, was accepted by the court, which found him competent. Lopez then withdrew his plea of not guilty to count one of the indictment, and pled guilty to that count. After examining Lopez with great care, as required by Rule 11, F.R. Crim.P., the court accepted the plea. A probation report was waived and immediate sentence was requested. Lopez was sentenced to 20 years, under 18 U. S.C. § 4208(a)(2). Counts Two and Three were dismissed on the government's motion.

One month later, on October 23, 1968, the trial judge received a letter from Lopez, reading as follows:

"Your honor this letter is in regards [sic] to my sentence of twenty years which I was given by you on Sept. 23rd, 1968 in your Court in Los Angeles.

"Sir I would like you to take into consideration a modification of my sentence, I realize Bank Robbery is a serious crime but I wasn't armed and no one was hurt, Sir I need help not imprisonment I've been in jails before and that is my problem I do time but it doesn't do any good, I need therapy so that when I return to society I'll be ready to become a good citizen, but with this sentence of twenty years all that I can see is that I'll just become institutionalized which is defeating my chance of rehabilitation. So please take my case into consideration."

The court treated the letter as an application for reduction of sentence, and denied it on the day it was received.

On February 13, 1970, Lopez filed a motion to vacate his conviction under 28 U.S.C. § 2255. He stated two grounds for relief. The first reads:

"1) That my reason for entering a plea of guilty * * * was based upon the promises of my attorney, Carl E. Stewart, that if I pleaded guilty the sentence imposed would be between ten and five years.

"2) After Mr. Stewart talked me into pleading guilty upon his assurances that my sentence would not exceed ten years, he proceeded to caution me that upon entering such a plea that I would be questioned by a judge regarding my reason for pleading guilty. Mr. Stewart stated that I should be careful as to how I replied to those questions, that I should make no mention of any 'deal', otherwise my plea would not be accepted. At the time I actually entered the plea, Mr. Stewart coached me when I was uncertain as to how to reply, and in fact on several occasions he personally furnished the responses to the court's inquiries."

The second is

"3) Another reason I entered a plea of guilty was because at that time I was confined to the 'Psycho Ward' at the Los Angeles County Jail and was being mistreated by some of the jailors there. I advised Mr. Stewart of this and he suggested that the fastest way out of there was by a plea of guilty so that I could be transferred to a federal institution.

"4) During my stay at the Psycho Ward—which included the date upon which I pleaded guilty—I was given medication which consisted of phenobarbitol, dilantin and musline. These drugs were furnished so as to pacify me and because of an epilectic [sic] history. Consumption of these drugs caused me to be docile and more prone to the suggestions put to me by Mr. Stewart. Also, I was unable to fully appreciate my acts respecting the deal put to me by Mr. Stewart and the deception we practiced upon the court regarding the voluntariness of my plea, which was in fact voluntary only upon the condition that I receive no more than ten years. During those days, including the date of my appearance for plea, I felt numb and stuporous as a result of the said medication. Had I not been under the influence of these drugs, I would have been able to more fully appreciate my relations with Mr. Stewart and the court.

"5) During my stay at the County Jail, after being severely beaten by a number of deputy sheriffs, I attempted to end my life by slashing veins on my arms. This resulted in my being placed in the Psycho Ward, where conditions only grew worse—at least concerning the conflicts within my mind—and I remained in such a state during the time of my final appearances in court and until my arrival at McNeil Island Penitentiary."

The motion was accompanied by an affidavit in forma pauperis (28 U.S.C. § 1915).

The trial judge, relying specifically on the psychiatrist's report, the transcript of the proceeding at which Lopez' plea was accepted and he was sentenced, and an affidavit of Lopez' trial counsel, who denied the alleged promise and stated that he believed Lopez was competent to enter the plea, denied the motion as "frivolous within the meaning of 28 U. S.C. § 1915(d)."

We have great sympathy with the judge's views; it appears quite improbable that Lopez' motion is in fact meritorious. But we also think that the test of whether a section 2255 motion is frivolous under section 1915(d), is laid down in section 2255 itself, as follows:

"Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall cause notice thereof to be served * * * grant a prompt hearing thereon * * *" etc.

We do not think that it can be said here that the motion and the files and records conclusively show that Lopez is entitled to no relief.

The more serious of Lopez' claims relates to his mental condition. As to this, we think that the case is controlled by Sanders v. United States, 1963, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 and Brewster v. United States, 9 Cir., 1970, 437 F.2d 917.

██ ██ The claimed promise presents a closer question. As to this claim, the government suggests affirmance on the authority of United States v. Tweedy, 9 Cir., 1969, 419 F.2d 192. It relies on Lopez' October 23, 1968 letter and the delay, almost 17 months, between Lopez' sentencing and the filing of the present section 2255 motion. The delay, however, is shorter. He had filed a previous motion, stating similar grounds, which was denied April 11, 1969, without prejudice, because insufficient facts were pleaded. The date of filing of that motion does not appear, but it was denied a little over six months after the plea. We do not think that this delay, plus the one letter, are enough to bring the case within our *Tweedy* holding, especially when, as here, the claim that Lopez was under the influence of drugs is closely tied to the claim that counsel misled him. We think that this phase of the case is controlled by Christy v. United States, 9 Cir., 1971, 437 F.2d 54. Neither the psychiatrist's report (*Brewster, supra*) nor counsel's affidavit (Doyle v. United States, 9 Cir., 1964, 336 F.2d 640; Coleman v. Wilson, 9 Cir., 1968, 401 F.2d 536), nor the record of the arraignment, plea and sentence (Diamond v. United States, 9 Cir., 1970, 432 F.2d 35, 39; *Tweedy, supra*; Castro v. United States, 9 Cir., 1968, 396 F.2d 345, 348; Jones v. United States, 9 Cir., 1967, 384 F.2d 916), nor the court's personal observation of Lopez at plea (*Brewster, supra; Diamond, supra*, 432 F.2d at 41) can be taken as conclusively showing that Lopez is entitled to no relief. They are evidentiary, but not conclusive.

██ If, upon further proceedings, the conviction is vacated, counts two and three, which were dismissed, may, on motion of the government and in the discretion of the trial court, be reinstated. See *Brewster, supra*, and cases cited.

The order is reversed and the case is remanded for further proceedings consistent with this opinion.

WRIGHT, Circuit Judge (dissenting):

The district judge considered this petition to be frivolous. I agree and would affirm his dismissal of it.

It would be hard to imagine a more careful, scrupulous effort on the part of a trial judge to be absolutely certain that a guilty plea was freely, voluntarily, intelligently and soberly made. The trial judge considered a three-page, detailed report of a physician of his examination two days before the guilty plea. The report was admitted in evidence by stipulation and the findings stipulated to be correct. The doctor found no drug influence at the time of the robbery or upon examination.

In the course of an extended colloquy before accepting the guilty plea, the court specifically inquired:

THE COURT: Is your mind clear this afternoon so that you know and understand what you are doing?

THE DEFENDANT: Yes, sir.

My conviction that this negatived any possible influence of drugs is strengthened by two other factors. The trial judge, in the presence of appellant and his counsel, observed:

"(A)nd the court having addressed the defendant personally and having questioned him to determine that his guilty plea is made voluntarily with full understanding of the charge and the consequences of the plea, *and the court having observed the defendant in making his answers, his demeanor and manner while answering the questions, his intelligence and attitude, the court finds the defendant to be free of any coercive influence of any kind,* and

that he is pleading guilty because he did actually commit the crime charged and for no other reason.

"The court, therefore, determines and adjudicates *the plea to have been made voluntarily with understanding of the nature of the charge and the consequences of the plea.*" (Emphasis added.)

The other convincing factor is appellant's letter to the trial judge of October 23, 1968, one month after sentence was imposed. It is quoted in the majority opinion. In my view, it brings this appellant within the rule of *Tweedy*, also cited in the majority opinion.

The record conclusively shows that appellant is entitled to no relief.