Application of the Defendant John R.
SASSER, Jr., Appellant,

v.

UNITED STATES of America,
Appellee.

No. 71–1232.

United States Court of Appeals,
Ninth Circuit.

Jan. 3, 1972.

Carol S. Johnson, San Francisco, Cal.,
for appellant.

Otis L. Packwood, U.S. Atty., William
A. Brolin, Asst. U.S. Atty., Butte, Mont.,
James L. Jones, Asst. U.S. Atty., Bill-
ings, Mont., for appellee.

Before ELY, WRIGHT and CHOY,
Circuit Judges.

CHOY, Circuit Judge:

In June 1970, Sasser pled guilty to a charge of transporting a stolen vehicle in violation of 18 U.S.C. § 2312. The district judge sentenced him to a three year term under 18 U.S.C. § 4208(a)(2), providing for release on parole before the end of the term, if the prisoner's conduct warranted such treatment. In November 1970, Sasser filed a motion to set aside his conviction under 28 U.S.C. § 2255. The same judge who convicted and sentenced him ruled on the motion, denying it without a hearing. He appeals.

At the time of his arrest and conviction, Sasser was AWOL from a Veteran's Hospital, where he was being treated for mental disturbances. Before hearing Sasser's plea, the district judge ordered a psychiatric examination to determine his mental competency to stand trial. The court-appointed psychiatrist found Sasser to be competent to assist in his defense.

At the plea hearing, the district judge questioned the defendant extensively, pursuant to Rule 11, Fed.Rules Crim. Proc. At that time, Sasser had been in custody for twelve days. He stated that he had not taken any drugs within the preceding week or two.

Sasser now contends that his plea was not knowingly and voluntarily made. He asserts two grounds for relief. First, he claims that he was under the influence of Librium, a tranquilizer, at the time he entered his guilty plea. He states that, because he was in a state of extreme depression from the strong tranquilizer, he answered the judge's questions "the way he was instructed to" by his defense counsel.

An allegation of mental incompetency at the time of plea due to the influence of drugs can be raised under 28 U.S.C. § 2255. Sanders v. United States, 373 U.S. 1, 83 S.Ct. 1068, 10 L. Ed.2d 148 (1963); Lopez v. United States, 439 F.2d 997 (9th Cir.1971). A prisoner attacking the voluntariness of his guilty plea is entitled to an eviden-

tiary hearing on the question, unless the "files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255. See United States v. Tweedy, 419 F.2d 192, 193 (9th Cir.1969) and cases cited therein.

The policy behind allowing a collateral attack based on allegations of mental incompetency has been cogently stated by Justice Brennan in *Sanders:*

"The crucial allegation . . . was that petitioner's alleged mental incompetency was the result of administration of narcotic drugs during the period petitioner was held in the Sacramento County Jail pending trial in the instant case. However regular the proceedings at which he signed a waiver of indictment, declined assistance of counsel, and pleaded guilty might appear from the transcript, it still might be the case that petitioner did not make an intelligent and understanding waiver of his constitutional rights. [citations omitted] For the facts on which petitioner's claim . . . is predicated are outside the record. This is so even though the judge who passed on the two motions [for relief under § 2255] was the same judge who presided at the hearing at which petitioner made the waivers, and the later hearing at which he was sentenced. Whether or not petitioner was under the influence of narcotics would not necessarily have been apparent to the trial judge. . . . That the judge may have thought that he acted with intelligence and understanding in responding to the judge's inquiries cannot 'conclusively show,' as the statute requires, that there is no merit in his present claim."

Sanders v. United States, *supra,* 373 U. S. at 19–20, 83 S.Ct. at 1079.

In Lopez v. United States, 439 F.2d 997 (9th Cir.1971), a panel of this court had occasion to discuss in detail the question of mental incompetency at plea due to the influence of drugs. As is also true in Sasser's situation, the district judge in *Lopez* relied on a psychia-

trist's report, the transcript of the plea hearing at which the defendant was examined "with great care," an affidavit from trial counsel denying any alleged promise and stating the belief that defendant was competent to plead, and the trial judge's personal observation of the defendant's behavior at the time of the plea. The court concluded:

"Neither the psychiatrist's report nor counsel's affidavit, nor the record of the arraignment, plea and sentence, nor the court's personal observation of Lopez at plea can be taken as conclusively showing that Lopez is entitled to no relief. They are evidentiary, but not conclusive." [citations omitted]

Lopez v. United States, *supra*, 439 F.2d at 1000.

However, neither *Sanders* nor *Lopez* dealt with a petition in which a prisoner merely made the bald assertion that he was under the influence of a drug. In *Sanders*, both the petition and a probation officer's report stated that the petitioner was undergoing intense treatment for narcotics withdrawal and was heavily tranquilized by jail doctors at the time of plea. Likewise, the petitioner in *Lopez* presented a very plausible explanation for being under the influence of drugs at the time of the plea. At the "Psycho Ward" of the jail where he was detained pending trial, the medical staff administered three different types of narcotic medication "to pacify [him] and because of an epilectic [sic] history."

Thus, in both those cases, the sources of petitioners' drugs which allegedly rendered them mentally incompetent were specified in their petitions. In sharp contrast, Sasser makes the bare assertion that he was "under the influence of Librium." He does not attempt to explain how, during the twelve days he was in jail, he managed to obtain the drug. Nor does he allege that he was treated for narcotics withdrawal while in jail, or some similar fact supportive of his assertion.

When faced with this issue of sufficient allegations, the Second Circuit stated:

"The general consensus of the courts which have considered the issue, therefore, seems to be where no evidentiary facts are alleged to support a bald allegation of mental incompetence, a hearing may not be required. [E. g., United States v. Molino, 240 F.Supp. 332 (S.D.N.Y.1965); United States v. Stephens, *supra*, [212 F. Supp. 949 (D.C.D.C.1963)].] On the other hand, where the movant has raised detailed and controverted issues of fact, a hearing will be required."

United States v. Miranda, 437 F.2d 1255, 1258 (2d Cir.1971). See also Alfano v. United States, 326 F.Supp. 792 (D.Conn.1971).

Other Circuits have held that a hearing will not always be required when the petitioner alleges mental incompetence at the time of plea. Richard v. United States, 341 F.2d 475 (5th Cir.1965), cert. denied, 382 U.S. 908, 86 S.Ct. 245, 15 L.Ed.2d 160 (1965); Evans v. United States, 346 F.2d 512 (8th Cir.1965), cert. denied, 382 U.S. 881, 86 S.Ct. 170, 15 L.Ed.2d 121 (1965). Contra: Ellison v. United States, 324 F.2d 710 (10th Cir.1963).

 We are convinced that such a case-by-case rule is the best balance that may be struck between the policy considerations on both sides of the issue. We therefore hold that an evidentiary hearing is not required, unless the petitioner alleges facts indicating how he came to be under the influence of drugs at the time of his plea. Absent such allegations, the record shows conclusively that Sasser is not entitled to relief. *Cf.* Hinds v. United States, 429 F.2d 1322 (9th Cir.1970).

 Sasser's second contention is that his plea was involuntarily and unintelligently made because his appointed counsel and a federal probation officer led him to believe that he could not enter a plea of not guilty in Montana, where he was arrested and charged.

They allegedly told him he would have to go to Memphis, Tennessee, where the car had been stolen, in order to enter a plea of not guilty. The record conclusively shows that this allegation is without merit. The examination under Rule 11 concerned several questions about defense counsel's advice and information. Sasser answered all queries by the district judge by saying that he specifically understood what was going on. We agree with the statement made by the district judge, in denying the motion: "No person could go through the examination made prior to the acceptance of the plea and believe that he could not enter a not guilty plea."

Affirmed.