**Overton Thomas ANTHONY, Appellant,**

v.

**C. J. FITZHARRIS, Superintendent, et al.,**
**Appellees.**

**No. 21646.**

United States Court of Appeals
Ninth Circuit.

Jan. 30, 1968.

Rehearing Denied March 4, 1968.

Overton Thomas Anthony in pro. per.

Thomas Lynch, Atty. Gen., of the State of Cal., Robert Granucci, Deputy Atty. Gen., Jerome C. Utz, San Francisco, Cal., for appellees.

Before HAMLIN, JERTBERG and DUNIWAY, Circuit Judges.

HAMLIN, Circuit Judge:

Overton Thomas Anthony, appellant herein, was charged in an information filed in the Superior Court of the State of California in and for the County of Los Angeles with two counts of kidnapping, two counts of forcible rape, and two counts of aiding and abetting forcible rape.

On March 31, 1964, while represented by counsel, appellant entered a plea of guilty to Count III (forcible rape) of the information. Prior to the entry of this plea, appellant was examined in open court as to whether or not the plea was voluntarily made. Appellant answered in

open court that the plea was made freely and voluntarily, that no promises of any kind had been made to him, and that he entered a plea of guilty because he was in fact guilty. The court then continued the case until April 23, 1964, for a consideration of the report of the probation officer and for sentence.

On April 23, 1964, appellant appeared in court represented by another counsel who had been substituted as his attorney. After a continuance, appellant's new counsel filed a motion under section 1018 of the Penal Code of California[1] for the withdrawal of the plea of guilty theretofore entered by appellant. In this petition to withdraw the plea of guilty, appellant set out at length his contentions that the plea of guilty formerly entered by him was not entered voluntarily.

A hearing on this motion was set for June 29, 1964. At the time of the hearing the court had before it not only the written contentions made by appellant covering his claim that he had not entered the plea of guilty voluntarily, but also the transcript of the proceedings which took place before the court at the time appellant entered his plea of guilty. However, no oral evidence was offered or received by the court. The matter was submitted to the court for its decision. The court reviewed the circumstances of the case for the record and denied the motion.[2] Appellant was sentenced to imprisonment for the term prescribed by

1. " * * * On application of the defendant at any time before judgment the court may, and in case of a defendant who appeared without counsel at the time of the plea the court must, for good cause shown, permit the plea of guilty to be withdrawn and a plea of not guilty substituted."

2. THE COURT: On March 31st, 1964, this defendant was before the Court, together with the co-defendant, and their pleas of not guilty were withdrawn, and the defendant entered a plea of guilty to violation of Section 261.4 of the Penal Code, what is sometimes referred to as forcible rape, rape by threat.

The matter was referred to the Probation Department for investigation and report. It appears that this defendant was charged in Count I with the crime of kidnapping, in violation of Section 207 of the Penal Code; in Count II, with the crime of kidnapping in violation of Section 207 of the Penal Code; in Count III, with the crime of rape, alleged to have been committed against a female person not the wife of the defendant, without the consent and against the will of the said person, and by threats of great and immediate bodily harm; Count IV, the defendant was charged with rape in violation of Section 261.4.

A plea of guilty to Count III, charging the defendant with having committed rape against the will of the female, and by threat of great and immediate bodily harm, was entered. The matter of the remaining counts was deferred until the hearing on probation and sentence. Disposition of the remaining counts was deferred until that time.

A probation report was obtained. The defendant then sought to have the plea of not guilty vacated and set aside. A formal motion was made by his counsel. There were a number of delays due to the illness of counsel for the defendant.

The defendant contends that he was ignorant of his rights and the consequences of his act and was unduly and improperly influenced by hope or fear. He claims he only saw his counsel for a period of ten minutes on the morning the change of plea was entered, and that he did not fully comprehend and understand the ramifications of his then counsel;

Further, that he was told by his counsel that he faced a sentence of life imprisonment without possibility of parole, unless he changed his plea, causing him great fear. He further sets forth his declarations—among which he said he did not understand the ramifications of his plea at the time he did enter the change of plea.

The Court had the reporter transcribe the proceedings at the time the plea of guilty was entered. And there the defendant was questioned quite closely by Mr. Cabalero, the Deputy District Attorney, and Mr. Cabalero very clearly indicated what the nature of the charge was, and stated that:

"At your attorney's request, the Court is granting you permission to withdraw your plea so that you may enter a new and different plea, that of guilty. Is that what you desire to do?"

And the defendant Anthony said: "Yes."

They were asked whether or not they understood the crime charged against

law, and the remaining counts of the indictment against him were dismissed.[3]

In July, 1966, appellant petitioned the United States District Court for the Northern District of California, Southern Division, for a writ of habeas corpus. An order to show cause was issued, a return was made thereto, and a traverse to said return was filed by appellant. In his petition appellant again contended that the California courts had abused their discretion in refusing to allow petitioner to withdraw his plea of guilty, that he was represented by incompetent counsel, and that the evidence was insufficient to establish that his plea was voluntary.

The record of the proceedings before the Superior Court in Los Angeles was before the United States District Court and was considered by that court. That court, without setting the matter for

them, the crime of forcible rape—"That is, you committed rape with force and fear, not statutory rape. Do you understand that, Mr. Anthony?"

Mr. Anthony indicated in the affirmative and said, "Yes."

Then he was asked whether or not he discussed this matter with his counsel, and he said: "Yes."

And he was asked whether or not anyone "made any promises of reward, probation, a lesser sentence, immunity, or any advantage whatsoever to be gained by you in pleading guilty?"

Whereupon a discussion was had between the defendant Anthony and his counsel, and the attorney said: "Well, of course, he is not referring to what the policemen say. It's what any attorney or anyone else offered you."

"MR. CABALERO: Mr. Anthony, you understand that if you want to plead guilty to this charge, you will have to do this freely and voluntarily. Only you can do this. Do you understand that?"

And the defendant Anthony said, "Yes."

Mr. Cabalero said: "Now, has anyone at all—and when I say 'anyone at all,' I mean, you are not pleading guilty for any other reason other than for the fact that you are guilty, or are you pleading guilty because someone has promised you something or threatened you in any way?"

The defendant Anthony: "Well, I plead guilty."

"MR. CABALERO: Because you are in fact guilty and for no other reason; is that correct?"

"THE DEFENDANT ANTHONY: Yes, sir."

And then Mr. Cabalero said—well, that was as to Mr. Jordan.

And then Mr. Cabalero said to Mr. Anthony: "As to Count III in this Information, charging you with the crime of rape, in violation of Section 261.4 Penal Code of California, how do you plead?"

"THE DEFENDANT ANTHONY: Guilty, sir."

In addition to the information contained in this record that the Court has referred to, it does appear also that the nature of these charges were before the Court on a preliminary hearing—was there a regular hearing had in this case?

MR. McCARTHY: I don't know, your Honor, I was not present.

THE COURT: In addition thereto, the defendant—the co-defendant Jordan corroborates all the details of this matter, in which this defendant is implicated, which was another—there's another factor which must necessarily be considered, and that is that, in the probation report, reference is made to a previous case in which this defendant was charged with a comparable or similar offense—that is, 261.3, forcible rape.

In 1959 he was tried on that and was found not guilty. But nevertheless, the nature of this charge is an experience that this defendant has previously gone through, in trial, and he knew what—how serious a charge this was at the time that he entered a plea of guilty.

The record in case No. 214,962, referred to in the probation report, also indicated that this defendant was represented by his counsel, by counsel, the same counsel that was present in court at the time he changed his plea.

From all of the factors, it would appear that there would be no justification in setting aside the plea heretofore entered. Motion to set aside the plea of guilty will be denied.

3. Appellant took an appeal to the District Court of Appeal of the State of California contending that the trial court should have allowed him to withdraw his plea of guilty. The District Court of Appeal in a written opinion after a recitation of the facts affirmed his conviction holding that the statute requires a showing of good cause for withdrawing a guilty plea and that no good cause was shown. Appellant then petitioned the Supreme Court of California for a hearing and that petition was denied.

further hearing, denied appellant's petition.

The district court held that the transcript of the proceedings before the state court at the time appellant entered his guilty plea was a sufficient hearing and that under 28 U.S.C. § 2254(d) no further hearing was required.[4]

We disagree. Appellant was not given an evidentiary hearing as to his written contention that his plea of guilty was not voluntarily made.[5] At the time of the guilty plea, neither the prosecutor nor appellant's counsel nor anyone except appellant made any statement. No one testified at the motion to withdraw that plea. While appellant was questioned by the prosecutor at the time his guilty plea was entered, such an examination may be an inadequate basis on which to hold that the plea was voluntary. If appellant had been coerced or threatened and at the time of the plea was still subject to that coercion or those threats, as he alleges, the examination would be of little value.

While appellant's statements at the time of his guilty plea would be strong evidence against him, they would not be conclusive. Under the circumstances of this case, the hearing at the time of the entering of the guilty plea was not sufficient under 28 U.S.C. § 2254(d) (1) (2) (3) and (6) to establish a presumption of the correctness of the state court's determination.

The case is remanded to the district court with directions to hold an evidentiary hearing as to the merits of appellant's contentions.

4. 28 U.S.C. § 2254(d) provides that—
"(d) In any proceeding instituted in a Federal court by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination after a hearing on the merits of a factual issue, made by a State court of competent jurisdiction in a proceeding to which the applicant for the writ and the State or an officer or agent thereof were parties, evidenced by a written finding, written opinion, or other reliable and adequate written indicia, shall be presumed to be correct, unless the applicant shall establish or it shall otherwise appear, or the respondent shall admit—

(1) that the merits of the factual dispute were not resolved in the State court hearing;

(2) that the factfinding procedure employed by the State court was not adequate to afford a full and fair hearing;

(3) that the material facts were not adequately developed at the State court hearing;

\*    \*    \*    \*    \*

(6) that the applicant did not receive a full, fair, and adequate hearing in the State court proceeding;".

5. These contentions were briefly summarized by the trial judge as set out in footnote 2.