**UNITED STATES of America, Plaintiff-Respondent,**

v.

**Albert James TWEEDY, Jr., Defendant-Petitioner.**

**No. 23041.**

United States Court of Appeals Ninth Circuit.

Dec. 8, 1969.

Albert J. Tweedy, Jr., in pro per.

George Rayborn, Robert L. Brosio, Asst. U. S. Attys., Wm. Matthew Byrne, Jr., U. S. Atty., Los Angeles, Cal., for plaintiff-respondent.

Before MERRILL and DUNIWAY, Circuit Judges, and POWELL *, District Judge.

DUNIWAY, Circuit Judge.

In 1964, Tweedy pled guilty to a charge of bank robbery, 18 U.S.C. § 2113 (a) and (d). He was sentenced to imprisonment for 15 years. In 1967, he filed a motion to set aside his conviction under 28 U.S.C. § 2255. The motion was denied without a hearing, and he appeals.

1. *Was a hearing required?*

Tweedy asserts that his plea was induced by the promise of an F.B.I. agent that, if he pled guilty, he would be sentenced to a term of not more than five years. He also says that nobody advised him of the allowable range of punishment, up to 25 years imprisonment.

■ Normally, an evidentiary hearing must be held where a § 2255 motion raises factual allegations, unless the "files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; Machibroda v. United States, 1962, 368 U.S. 487–495, 82 S.Ct. 510, 7 L.Ed.2d 473. *See also*, Walker v. Johnston, 1941, 312 U.S. 275, 61 S.Ct. 574, 85 L.Ed. 830; Wells v. Craven, 9 Cir., 1968, 404 F.2d 745; Coleman v. Wilson, 9 Cir., 1968, 401 F.2d 536; Castro v. United States, 9 Cir., 1968, 396 F.2d 345, 348; Bright v. Rhay, 9 Cir., 1968, 391 F.2d 915; Jones v. United States, 9 Cir., 1967, 384 F.2d 916; Gilmore v. California, 9 Cir., 1964, 364 F.2d 916; Wright v. Dickson, 9 Cir., 1964, 336 F.2d 878, 882–83. Moreover, the transcript of the proceedings on plea and sentence may not be conclusive. Anthony v.

Fitzharris, 9 Cir., 1968, 389 F.2d 657; Jones v. United States, *supra*. Thus, a defendant might solemnly affirm to the court that his plea had not been induced by promises of leniency because he thought that this was all part of the game, and that honest answers would destroy the deal. He might even keep silent after the judge had pronounced a more severe sentence than expected because he might think that it was then too late to withdraw his plea. See Castro v. United States, *supra*.

On the other hand, where the question is, was he given certain information, and the transcript unequivocally shows that he was, this can normally be treated as conclusive.

■ Here, we think that the judge properly treated the records as conclusive. First that record shows that Tweedy did know what the possible penalty was. He first pled guilty on June 26, 1964. At that time, there was filed a written petition to enter a plea of guilty, signed by Tweedy, in which he stated: "My attorney has advised me that the punishment, which the law provides, is * * * 25 years imprisonment." His attorney signed a statement that he had read and fully explained the accusations to Tweedy. The court then proceeded:

"THE COURT: Did you read this petition to enter a plea of guilty, Mr. Tweedy?

THE DEFENDANT: Yes, sir.

THE COURT: Is there anything you would like to ask the court about it?

THE DEFENDANT: No, sir.

THE COURT: Do you think you understand it?

THE DEFENDANT: Yes, sir.

THE COURT: And did you talk to your counsel about it?

THE DEFENDANT: Yes, sir."

* Honorable CHARLES L. POWELL, United States District Judge, Eastern District of Washington, sitting by designation.

On July 20, 1964, Tweedy was permitted to withdraw his plea, and a psychiatrist was appointed to examine him as to his sanity, both at that time and on the date of the offense. The psychiatrist found him sane, a finding that is not now contested. On August 10, 1964, Tweedy again pled guilty. At that time, the following occurred:

"THE COURT: Now, Mr. Tweedy, you signed this petition to enter a plea of guilty; didn't you?

THE DEFENDANT: Yes sir. * *

THE COURT: * * * You will recall, Mr. Tweedy, that you signed once before a petition and at your counsel's request and on the motion made on your behalf, the court set aside your plea of guilty heretofore entered in order to have a psychiatric examination and leave you free then to enter a different plea if you wished. Now you have pled guilty again, and you will recall that you went over this petition to enter a plea of guilty with the court previously. Do you recall that?

THE DEFENDANT: Yes, sir.

THE COURT: Is there anything about that that you want the court to explain to you at this time?

THE DEFENDANT: No, sir."

We think that the record does conclusively show that Tweedy knew the possible penalty.

As to the promise of leniency, the record of the acceptance of the first plea shows:

"THE COURT: And were you promised any leniency or any particular or special consideration in connection with this matter?

THE DEFENDANT: No, sir.

THE COURT: No one has tried to induce a plea of guilty by any promise made to you or any threat made against you or any member of your family, have they?

THE DEFENDANT: No, sir."

At the second plea, the following occurred:

"THE COURT: Has anybody promised you any special consideration or any leniency or special sentence, shorter sentence, in order to get you to enter a plea of guilty?

THE DEFENDANT: No."

Standing alone, this would not be conclusive under the authorities we have cited. But there is more.

Tweedy appeared for sentencing on August 25, 1964. The probation report recommended sentence to the Youth Authority. But the court said, in part:

"I don't think that the Youth Act— if Mr. Tweedy were insane, it would be an entirely different thing. But he isn't insane. He did, as Mr. Pines has pointed out, carefully planned this, procure a gun and execute the plan. I don't think that he is in the position to be considered as not an adult at this point. * * *

Now, I don't know what you do with a person like that. I think he has earned in this way a stiff prison sentence the same as anybody else who robs a bank. I don't understand the recommendation of the Youth Act. It puts a maximum of six years on it. I think that Tweedy has earned a longer sentence. * * *

But we can't condone bank robberies. They have to be unprofitable to the people who are involved. I think a sentence of 15 years is indicated. * * *

Mr. Tweedy, I would like to hear from you. Would you like to address the court?"

Tweedy's reply was a plea for a "chance to make something out of myself, put the past behind and face the future." There is not even the suggestion of a hint that he was expecting a sentence of not more than five years. After further colloquy the court asked, "Are you

ready for sentence, Mr. Tweedy?" Tweedy's only reply was: "Yes, sir," and sentence was pronounced.

Moreover, September 14, 1964, October 9, 1964, April 24, 1967, and May 24, 1967, Tweedy, by letters, asked to have his sentence modified, but not by reduction of the term by reason of any promise of a five year sentence. In his first letter, he says:

> "It has been three weeks since you sentenced me to fifteen years. * * * I want to thank you for giving me this sentence."

In the next, he says:

> "I have a fifteen year sentence. I do not ask that it be shortened."

The later letters point to his efforts at rehabilitating himself. The request contained in them was denied on June 1, 1967, for lack of power of the court to grant it. Tweedy's motion under § 2255 was filed November 2, 1967. Where was the promise of a five year sentence during the more than three years after his sentencing? We think that this record as a whole demonstrates that Tweedy's claim is patently false and frivolous. See Wright v. Dickson, *supra*, 336 F.2d at 881 n.1.

No hearing was required.

2. *Was there compliance with Rule 11?*

We hold that the procedure in this case satisfied the requirement of Rule 11, as it was interpreted in 1964. See Munich v. United States, 9 Cir., 1964, 337 F.2d 356. We need not decide whether it satisfied the requirements of Heiden v. United States, 9 Cir., 1965, 353 F.2d 53, because *Heiden* is applicable only to pleas entered after its date of decision. Castro v. United States, *supra*, 396 F.2d at 349. See also Halliday v. United States, 1969, 394 U.S. 831, 833, 89 S.Ct. 1498, 23 L.Ed.2d 16.

Affirmed.