Howard R. MACON, Petitioner-
Appellant,

v.

Walter E. CRAVEN, Warden, Folsom
State Prison, et al., Respondents-
Appellees.

No. 71-1773.

United States Court of Appeals,
Ninth Circuit.

Feb. 9, 1972.

Howard R. Macon, in pro. per.

Evelle J. Younger, Cal. Atty. Gen.,
John T. Murphy, Michael Buzzell, Depu-
ty Attys. Gen., San Francisco, Cal., for
respondents-appellees.

Before HAMLEY, DUNIWAY, and
HUFSTEDLER, Circuit Judges.

PER CURIAM:

Macon appeals from an order dismiss-
ing his habeas corpus petition without
an evidentiary hearing.

Macon, a State of California prisoner,
was charged with the possession for sale
of narcotics in violation of section
11500.5 of the California Health and
Safety Code. On September 22, 1967, he
entered a plea of guilty to section 11500
of the same Code, a lesser included of-
fense. Thereafter, the state court sus-
pended sentence and ordered him civilly
committed to the California Rehabilita-
tion Center for narcotics addicts pur-
suant to section 3051 of the California
Welfare and Institutions Code. In April
1968, the Superintendent of the Rehabil-
itation Center reported that Macon had
been rejected by the Center for his "ex-
cessive criminality," based on events an-
tedating his plea. Macon's motion to

withdraw his plea was denied and on November 8, 1968, he received a mandatory five-to-twenty-year sentence.

Macon made four claims in the district court, three of which have no merit. The fourth claim is that his guilty plea had been induced by the district attorney's promise that he would be committed to the Rehabilitation Center. The district court denied a hearing on this issue in apparent reliance on a colloquy between Macon and the state court which it accepted as establishing the lack of such a promise. During the colloquy, the trial judge took great care to inform petitioner that "[the Court] cannot guarantee that . . . if they don't get you in there [Rehabilitation Center] then it looks as you go to State Prison from there" and "if they don't take you to the hospital you understand that you . . . won't be permitted then to withdraw this plea and start all over again." Macon said he understood. On the other hand, Macon was not then told that if he were once admitted to the Center, he might be rejected for reasons wholly unrelated to his addiction.

■■ If the district attorney did induce the plea by a promise that was not kept, Macon would be entitled to relief from his plea. (*See* Santobello v. New York (1971) 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427.) We cannot say that the colloquy completely dispels Macon's claim: (1) that the district attorney made the promise, (2) that the promise was not kept, and (3) that Macon was induced to enter his plea in reliance on the promise. He is entitled to an evidentiary hearing limited to his fourth claim. (*See, e. g.,* United States v. Tweedy (9th Cir. 1969) 419 F.2d 192; Anthony v. Fitzharris (9th Cir. 1968) 389 F.2d 657.)

■ His remaining contentions were presented neither to the state court nor to the district court. We therefore do not consider them.

The cause is remanded to the district court for further proceedings consistent with the views herein expressed.