**Ruben Alfred URIBE, Plaintiff-Appellant,**

v.

**Louis S. NELSON, Warden, Defendant-Appellee.**

No. 72–2412.

United States Court of Appeals, Ninth Circuit.

Nov. 24, 1972.

Uribe also claims that his attorney and the prosecution made a plea bargain which was not kept. The District Court held an evidentiary hearing on this issue. *See* Macon v. Craven, 457 F.2d 342 (9th Cir. 1972). The record supports the decision of the lower court that no bargain had been struck.

Finally, Uribe alleges that he pleaded guilty to and was convicted of a crime other than the one with which he was charged. Upon this claim he has failed to exhaust his available state remedies.

Affirmed.

---

Ruben Alfred Uribe, in pro. per.

Evelle J. Younger, Atty. Gen., Edward A. Hinz, Jr., Chief Asst. Atty. Gen., Doris H. Maier, Asst. Atty. Gen., Robert R. Granucci, Thomas A. Brady, Deputy Attys. Gen., San Francisco, Cal., for defendant-appellee.

Before MERRILL, CARTER and WRIGHT, Circuit Judges.

**PER CURIAM:**

Uribe, a state prisoner, appeals the decision of the District Court denying a petition for writ of habeas corpus, 28 U.S.C. § 2241 (1970).

Uribe claims that his conviction should be reversed under Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), because he received inadequate warnings during his initial interrogation. However, he was not prejudiced in any way by these inadequate warnings since he gave no confession, made no damaging statements, and, in fact, pleaded guilty at trial. In these circumstances, there is nothing to which the *Miranda* rule can apply.