490 F.2d 472
 John Mario DeGAGLIA, Petitioner-Appellee,
v.
Edward J. STACK, as Sheriff of Broward County, Florida,
Respondent-Appellant.
No. 73-3053 Summary Calendar.*
*Rule 18, 5th Cir.; Isbell Enterprises, Inc.
v.
Citizens Casualty Company of New York et al., 5th Cir. 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 March 6, 1974.
 
 Robert L. Shevin, Atty. Gen., Tallahassee, Fla., Nelson E. Bailey, Thomas M. Carney, Asst. Attys. Gen., West Palm Beach, Fla., Phillip S. Shailer, State's Atty., 7th Judicial Circuit of Fla., Broward, Fla., Jon H. Gutmacher, Asst. State's Atty., Fort Lauderdale, Fla., for respondent-appellant.
 Jerome M. Rosenblum, Hollywood, Fla., Fred. A. Jones, Martin Blitstein, Miami, Fla., for petitioner-appellee.
 Before BELL, GODBOLD and GEE, Circuit Judges.
 PER CURIAM:
 
 
 1
 Stack, the sheriff of Broward County, Florida appeals from the district court's grant of DeGaglia's petition for writ of habeas corpus. In July 1971, DeGaglia entered a negotiated plea of nolo contendere in state court to possession of heroin. The state court sentenced him to one year in the county stockade. The negotiations for the plea had focused on a sentence of probation rather than of incarceration. Contending that the state had not kept the promise of probation and had thus invalidly obtained the nolo plea, DeGaglia appealed and lost in the state courts (fully exhausting his state remedies) and then brought this petition in federal district court.
 
 
 2
 The district court concluded that the defendant had been unintentionally misled by a comment of the state judge in the course of his interrogation of the defendant to ascertain whether his plea was knowing, intelligent and voluntary. This colloquy is set out in the margin.[1] The statement on which the district court based its conclusion was the state judge's remark, 'Of course, the Court gives great weight to the recommendations of the State.' Additionally, the district court concluded that DeGaglia's plea was not fully voluntary because he had not been informed of the maximum sentence which could have been the consequence of his plea.
 
 
 3
 From the record of DeGaglia's pleading proceeding and the evidentiary hearing held by the district court, it is apparent that the prosecutor promised only a recommendation of probation and fully complied with that promise. No Santobello question of prosecutorial reneging exists. The court below concluded, however, in view of the right of the defendant to withdraw his no-contest pleading at any time prior to its acceptance, that the 'great weight' comment of the trial court misled DeGaglia into an involuntary relinquishment of his right to a trial. With all respect for the conscientious approach of the district court, and despite the deference due his understanding and conclusions about the circumstances of DeGaglia's guilty plea, we are unable to agree.
 
 
 4
 Before the comment was made, a rather full interrogation of the defendant had already been accomplished by the state judge without any indication of a want of knowledge or of intelligent and voluntary consent on the part of the defendant. The comment of the court came rather late in the process of the interrogation. At the outset of the interrogation, defendant's counsel had remarked, and later replied to a question of the court, both times in the presence and hearing of the defendant, that the bargain struck with the prosecutor was for a recommendation only; and the defendant had affirmed that he understood that the only promise made was for a recommendation. All of this had transpired prior to the remark on which the district court focused. Finally, at the conclusion of the entire interrogation, the court, again in the presence and hearing of the defendant, ordered a pre-sentence investigation. In the light of this order, the defendant could not reasonably have thought that the court regarded the question of his sentence as concluded by any bargain or that the court would have put the Florida Parole Commission to the trouble of such an investigation if the court had already determined to grant probation and intended the investigation to be a mere mummery.
 
 
 5
 We in no sense retreat from our recognition in United States v. Frontero, 452 F.2d 406 (5th Cir., 1971), that the possibility of a misunderstanding is inherent in the plea bargaining process. We simply hold, consistent with Frontero, that DeGaglia has not shown a bargain based on a misunderstanding which acted as an inducement for his plea and destroyed the requisite voluntariness.
 
 
 6
 In addition, the district court judge granted the petition on the ground that the state judge had not informed DeGaglia of the maximum possible sentence under the charge. Petitioner has never presented this claim to the Florida courts, and the court should not have considered it. We vacate the court's decision on this issue and remand for a dismissal without prejudice of this claim.
 
 
 7
 Reversed in part; remanded in part.
 
 
 
 [1]
 (Defense Counsel): This is on John DeGaglia, Case No. 71-3135, the defendant having previously pled not guilty and has had the pretrial hearing
 The prosecutor and I have had an opportunity to confer in this case and we have agreed on certain matters and certain recommendations to be made to the Court.
 In consideration of those matters, the defendant at this time will withdraw his previously entered plea of not guilty to the charge of possession of heroin and enter a plea of nollo contendere thereto.
 We do not request the State to prove any of the facts in this proceeding.
 THE COURT: You are John DeGaglia?
 THE DEFENDANT: Yes.
 THE COURT: How old are you?
 THE DEFENDANT: 25.
 THE COURT: Did you understand everything your attorney has just said, sir?
 THE DEFENDANT: Yes, sir.
 THE COURT: Do you understand that a plea of no contest to the offense of possession of heroin is equivalent to a plea of guilty to that offense? Do you understand that?
 THE DEFENDANT: Yes.
 THE COURT: And do you understand that based on that plea you could be sentenced to the State penitentiary? Do you understand that?
 THE DEFENDANT: Yes, sir.
 THE COURT: And do you also understand that, based on that plea, you are waiving your right to a jury trial in this case?
 THE DEFENDANT: Yes, your Honor.
 THE COURT: Has anything been promised you in return for that plea?
 (Defense Counsel): The only thing that has been promised, your Honor, is the prosecutor has agreed to recommend to the Court that the defendant be placed on a term of probation for 18 months to two years; that the money that was seized by the police as evidence in the case be returned to the defendant.
 I explained to John even though the prosecutor does make such a recommendation, the final decision still rests with your Honor, but I feel that, john has made it. He is gainfully employed in the carpet installing business, if my memory serves me correctly.
 He is not bloodsucking society, so to speak. He was in another home at the time this arrest was made and that's where the stuff was.
 THE COURT: Is that your understanding and is that the reason that you entered the plea?
 THE DEFENDANT: Yes.
 THE COURT: And you understand that, while the State may make such a recommendation, the State may make such a recommendation, the Court is not absolutely bound by it?
 Of course, the Court gives great weight to the recommendations of the State. Do you understand that?
 THE DEFENDANT: Yes.
 THE COURT: Outside of that, has anything else been promised you?
 THE DEFENDANT: No, sir.
 THE COURT: Has anybody forced you to enter that plea?
 THE DEFENDANT: No, sir.
 THE COURT: And have you talked that plea over with your attorney, (defense counsel)?
 THE DEFENDANT: Yes; I have.
 THE COURT: Are you satisfied with the advise that (defense counsel) has given you?
 THE DEFENDANT: Yes; I am.
 THE COURT: Do you feel that the advice that (defense counsel) has given you is in your best interest?
 THE DEFENDANT: Yes.
 THE COURT: Mr. DeGaglia, is there anything that you don't understand about what is going on here this morning in court?
 THE DEFENDANT: No.
 THE COURT: And have you understood everything that I have said to you?
 THE DEFENDANT: Yes.
 THE COURT: And all your answers have been true and correct?
 THE DEFENDANT: Yes, sir.
 THE COURT: I understand that the State is making that recommendation?
 (Prosecutor): Based on a presentence investigation, your Honor, we will make that recommendation, as I indicated to (defense counsel).
 THE COURT: I will accept the plea of no contest to the offense of possession of heroin and defer adjudication and the imposition of sentence until July the 30th, at 10:00 A.M.
 I will order a presentence investigation by the Florida Parole Commission, and you are allowed to remain out on the same bond.