**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Samuel Franklin VALE, Defendant-Appellant.**

**No. 73–3682.**

United States Court of Appeals, Fifth Circuit.

June 21, 1974.

Ralph L. Alexander, Edinburg, Tex., Roberto Yzaguirre, McAllen, Tex., Homero M. Lopez, Brownsville, Tex., for defendant-appellant.

Anthony J. P. Farris, U. S. Atty., Mary L. Sinderson, Asst. U. S. Atty., Houston, Tex., for plaintiff-appellee.

Before BROWN, Chief Judge, and GODBOLD and RONEY, Circuit Judges.

RONEY, Circuit Judge:

This appeal involves an alleged broken plea bargain in which Samuel Franklin Vale received a maximum ten year sentence for violating the Marijuana Tax Act, 26 U.S.C.A. § 4744(a)(2), instead of a hoped for five year sentence. Vale alleges that the assistant United States attorney failed to fulfill the plea bargain by not recommending to the District Court that Vale receive only a five year sentence to run concurrently with a five year sentence previously received for jumping bond, 18 U.S.C.A. § 3150. The District Court found that the prosecutor promised to make such a recommendation and that the promise was not kept. The reconsideration of the sentence by the same judge, however, was not consistent with the rule in this Circuit in cases of this kind, and therefore necessitates a remand for resentencing by a different judge.

Vale was arrested for conspiring to smuggle, smuggling, transporting and concealing some 1300 pounds of marijuana in violation of 21 U.S.C.A. § 176a. Although he was released after posting a $30,000 bond, his subsequent failure to appear for arraignment precipitated an indictment for bond jumping, 18 U.S.C. A. § 3150, and resulted in the forfeiture of his bond. Discovered by the Mexican authorities, he was extradited to the United States, tried, and found guilty by a jury on the bond jumping offense. A five year sentence was imposed.

Prior to Vale's trial on the marijuana indictment, the District Court made inquiry as to the status of any plea negotiations. Conversations were had with the defense counsel, the United States Attorney's office, and another United States District Court judge who was familiar with the case and the parties involved. The upshot of these conversations was to clarify some misunderstandings and revive the plea negotiations. On the day of trial, Vale agreed to plead guilty to one count charging a violation of the Marijuana Tax Act, 26 U.S.C.A. § 4744(a)(2), provided the other counts under 21 U.S.C.A. § 176a were dropped. The tax act violation was chosen because both government and defense attorneys were under the mistaken belief that it carried a maximum five year sentence. It was agreed that the sentence was to run concurrently with the bond jumping sentence.

Before court was convened for arraignment, however, counsel discovered that a violation of the Marijuana Tax Act carried a maximum ten year sentence. Vale was informed of this fact but decided to plead guilty as planned. The District Court accepted his plea after making abundantly clear that the sentence to be imposed was the sole responsibility of the Court, and in no sense subject to an understanding between counsel. Thereafter Vale was sentenced to ten years for violation of the Marijuana Tax Act to run concurrently with the five years imposed for bond jumping.

The only bargain Vale alleges to have been broken is the Government's promise to recommend a five year sentence

for the tax act violation. The District Court found that the assistant United States attorney did promise to make such a recommendation, and that this promise was not carried out. The District Court then considered Vale's motion for reduction of sentence as if the Government had made the recommendation, reconsidered the sentence and denied the reduction.

■ The District Court's findings as to the existence of a bargain and its breach are not clearly erroneous. The record reveals the Government promised Vale that it would recommend a reduced sentence and then failed to do so. Having made this determination, the District Court was faced with the question of what remedy to apply. Its decision to reconsider Vale's sentence as if the Government's recommendation were made, however, does not comport with recent precedent in cases of this kind.

In Santobello v. New York, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427 (1971), the Supreme Court delineated the proper procedure for rectifying a broken plea bargain:

> The ultimate relief to which petitioner is entitled we leave to the discretion of the state court, which is in a better position to decide whether the circumstances of this case require only that there be specific performance of the agreement on the plea, in which case petitioner should be resentenced by a different judge, or whether, in the view of the state court, the circumstances require granting the relief sought by petitioner, *i.e.*, the opportunity to withdraw his plea of guilty.

404 U.S. at 263. The Fifth Circuit has followed this procedure, thereby limiting the District Court's alternatives. United States v. Ewing, 480 F.2d 1141 (5th Cir. 1973); Johnson v. Beto, 466 F.2d 478 (5th Cir. 1972). The same procedure has been followed in other Circuits. United States ex rel. Culbreath v. Rundle, 466 F.2d 730 (1st Cir. 1972); United States v. Brown, 470 F.2d 285 (2d Cir. 1972); Macon v. Craven, 457 F.2d 342 (9th Cir. 1972).

Our review of the record indicates that resentencing by a different judge taking into consideration the Government recommendation for five years is sufficient to dispose of the matter as law and justice require. Vale was not promised a five year concurrent sentence for his guilty plea. He was promised that the Government would merely recommend such a sentence. *See* Degaglia v. Stack, 490 F.2d 472 (5th Cir. 1974). Vale fully understood that the Court might or might not follow that recommendation. Consideration by a different judge is necessary "both for the judge's sake, and the appearance of justice." Mawson v. United States, 463 F.2d 29, 31 (1st Cir. 1972); *See* United States v. Ewing, 480 F.2d 1141, 1143 (5th Cir. 1973). "We emphasize that this is in no sense to question the fairness of the sentencing judge; the fault here rests on the prosecutor, not on the sentencing judge." Santobello v. New York, 404 U.S. 257, 263, 92 S.Ct. 495, 499, 30 L.Ed.2d 427 (1971).

■ There is no merit to Vale's contention that he is entitled to withdraw his guilty plea. Vale has not shown that the plea was given in exchange for the promised recommendation. Roberto Yzaguirre, one of Vale's four defense attorneys, testified that the Government's promise to recommend a five year sentence came after Vale had entered his guilty plea. The Assistant United States Attorney verified this chronology. The promise to recommend was not given until after the plea was entered because "everybody thought that the maximum range, prior to two minutes before the Judge's entering the courtroom, was a maximum of five . . . ." The record is clear, however, that Vale was informed of the maximum ten year sentence prior to pleading, that he discussed it with his attorneys, and that he understood the District Court was free to impose that maximum.

This case is thus different than White v. Gaffney, 435 F.2d 1241 (10th Cir. 1971), upon which Vale relies. In White v. Gaffney, *supra*, the Court granted ha-

beas corpus relief to a state prisoner who was promised by the prosecutor that he would recommend a sentence for a term of years in exchange for the prisoner's guilty plea. The recommendation was not made. In finding that the plea was the *quid pro quo* for the recommendation, the Court stated the question as "whether [the recommendation] influenced White in making his decision to plead guilty." 435 F.2d at 1245. From the record in this case, it appears that the recommendation was not the *quid pro quo* for the plea and did not influence Vale in making his decision to plead guilty. Out of an abundance of caution and fairness, however, the District Court held that the promise having been made, the recommendation must be considered by the sentencing judge. We find this decision well within the trial judge's discretion.

Vale's sentence under the tax act conviction is vacated, and the case is remanded for further proceedings consistent with this opinion.

Vacated and remanded.