George **FORRENS**, Petitioner-Appellant,

v.

**UNITED STATES of America,**
**Respondent-Appellee.**

No. 74–1089.

United States Court of Appeals,
Ninth Circuit.

Oct. 1, 1974.

Hufstedler, Circuit Judge, dissented and filed opinion.

Leo N. Sherwood, San Francisco, Cal., for petitioner-appellant.

Thomas E. Kotoske, Asst. U. S. Atty., Los Angeles, Cal., for respondent-appellee.

## OPINION

Before CARTER and HUFSTEDLER, Circuit Judges, and SCHNACKE,* District Judge.

SCHNACKE, District Judge:

Petitioner seeks to vacate his sentence pursuant to 28 U.S.C. § 2255, alleging that his plea of guilty to a charge of armed bank robbery was involuntary because he did not understand the English language at the time of his plea, and that he was given a 25-year sentence even though his lawyer promised him a maximum sentence of seven years if he entered a plea of guilty.

The District Court after reviewing the records and files in the case denied the petition without an evidentiary hearing.

The record discloses that petitioner, who was represented throughout by counsel, at no time complained of his lack of understanding of the English language, nor did he ever request an interpreter.

At his arraignment he was able, in order to be supplied counsel at government expense, to advise the magistrate that he was 35 years old, not an American citizen; that he was married, living with his wife and four minor children; that he had been six years in California, and had no relatives here except in-laws; that he was an unemployed janitor last employed six months ago; that he owned *no real property*, and had lived nine or ten months at the same address; and that he had two years of college.

At the hearing at the time petitioner entered his plea of guilty, the following colloquy occurred:

"The Court: You understand what the maximum penalty is that you may receive?

Defendant Forrens: Yes, Sir.

The Court: What is it?

Defendant Forrens: It is twenty-five years or $10,000 or both.

The Court: Or both, that's right. Has any promise been made to you by anyone at all?

Defendant Forrens: No, Your Honor.

The Court: Your [sic] are not pleading because of any promise by anyone at all?

Defendant Forrens: No, Your Honor.

The Court: You understand that a promise is not binding on this judge. The judge is the only one that can sentence you.

Defendant Forrens: I understand.

The Court: The only one in the world. You understand that I can give you the limit, the twenty-five years and the fine?

Defendant Forrens: Yes, Sir.

The Court: Has anything happened prior to today to cause you to enter this plea other than the fact that you are guilty?

Defendant Forrens: No, Your Honor.

The Court: If you have any reason to claim that this guilty plea is not freely and voluntarily and understandingly made, now is your time to speak out. Do you understand?

Defendant Forrens: Yes, Your Honor.

The Court: By your guilty plea you are now saying to this Court that you are not pleading because of any promises or any threats or any mistreatment of any kind whatsoever but because you desire to admit that you are guilty, right?

Defendant Forrens: Yes, Sir.

The Court: Can you think of any reason at all why I should not accept this plea?

---

* Honorable Robert H. Schnacke, United States District Judge for the Northern District of California, sitting by designation.

Defendant Forrens: No, Sir."

 The record clearly demonstrates that petitioner's claim that he did not understand the proceedings conducted in English is patently frivolous.

Petitioner's claim that he entered his plea on the promise and expectancy of a lighter sentence is also completely refuted by the record.

The colloquy quoted above occurred with the petitioner under oath. In some cases the solemn affirmation that the plea is not induced by a promise of leniency is not conclusive, because a petitioner might claim that "he thought that this was all part of the game, and that honest answers would destroy the deal." United States v. Tweedy, 419 F.2d 192, 193 (9th Cir. 1969).

But no such claim is made here, nor, in the face of the record, could it have been. Petitioner entered his plea in February of 1971. Shortly thereafter, and before sentence, he wrote a long letter to the judge, making no mention of any promised leniency, but asking only that his place of confinement be in Southern California.

It was not until more than two years later, when this petition was filed in August 1973, that any mention was made of the promise of a lesser sentence. It is beyond belief that one who received a twenty-five year sentence instead of the seven years he had been promised would wait so long before complaining. Where the petitioner has sworn, under oath, that no deal has been made and that he has not been induced to plead guilty by any promises or threats, his subsequent claim that a promise had in fact been made must be supported by stronger contentions than those offered in the present case.

We agree with the District Court that the records and files in this case conclusively show that petitioner is not entitled to the relief which he seeks. Therefore, no hearing was required. United States v. Tweedy, *supra*.

The judgment is affirmed.

HUFSTEDLER, Circuit Judge (dissenting):

The possibility is minimal that petitioner could prove that he lacked sufficient proficiency in English to understand the nature and consequences of his plea. But I cannot agree with the majority that the record conclusively shows that his petition was frivolous. He should have been accorded an evidentiary hearing.