**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Joseph HOROVITZ, Defendant-Appellant.**

**No. 76–3287.**

United States Court of Appeals, Fifth Circuit.

Jan. 9, 1978.

Melvyn Kessler, Miami,. Fla., for defendant-appellant.

Jack V. Eskenazi, U. S. Atty., Miami, Fla., Atlee Wampler, III, Strike Force Chief, U. S. Dept. of Justice, Washington, D. C., Jay R. Moskowitz, Atty., Strike Force, Miami, Fla., for plaintiff-appellee.

Before BROWN, Chief Judge, RONEY and FAY, Circuit Judges.

PER CURIAM:

Joseph Horovitz alleges the Government breached its plea bargain. The Government contends it adhered to what it thought was the agreement. In light of this factual dispute about the terms of the bargain, we vacate and remand.

Horovitz was named along with seven others in a multicount indictment on March 10, 1976.[1] Specifically, he was indicted in Count One for conspiracy to transport stolen automobiles in interstate commerce, 18 U.S.C.A. §§ 371, 2312, and in Count Twelve for the receipt of a stolen automobile knowing it was stolen, 18 U.S.C.A. §§ 2, 2313. He originally pleaded not guilty to all charges; however, on June 28, 1976, at a hearing conducted by Chief Judge Fulton, the defendant pleaded guilty to Count Twelve. At the hearing, Judge Fulton asked the defendant about any plea bargaining:

THE COURT: Mr. Horowitz, have you and your lawyer on one side entered into any kind of an understanding or agreement with Government counsel on the other side with respect to the sentence that the Court will be asked to impose against you?

THE DEFENDANT: Well, my attorney said that no kind of deals could be made with anybody but the Government would recommend probation, I believe.

Supp.R. at 9. Horovitz's attorney, Mr. Kessler, also told the Court the Government agreed to dismiss Count One of the indictment against the defendant. Supp.R. at 10. Counsel for the Government made no comment at the change of plea hearing during the discussion of the plea bargain. At the sentencing proceeding, however, on August 2, 1976, in the presence of the defendant and his attorney, Government counsel explained the prosecution's position on probation:

MR. LeVOTA [Government counsel]: Your Honor, the Government agreed not to make a recommendation. Also, we agreed not to oppose probation.

THE COURT: Is that the extent of it?

MR. LeVOTA: Yes, Sir.

THE COURT: Mr. Horovitz, is that the way you understand it?

THE DEFENDANT: Yes, sir.

THE COURT: Mr. Kessler?

MR. KESSLER: Yes, sir.

R., vol. 4, at 8. The following day, Judge Fulton sentenced Horovitz to two years in prison.

The critical issue on this appeal is a dispute of fact. Defendant contends in return for pleading guilty to Count Twelve the Government agreed, as was explained at the change of plea hearing, to dismiss Count One and to recommend probation. The Government, on the other hand, admits that in bargaining for a guilty plea it agreed to dismiss Count One, but as Government counsel stated at the sentencing proceeding, it did not consent to make a recommendation on probation. Moreover, the prosecution argues that Horovitz and his counsel obviously agreed at sentencing with the Government's interpretation of the bargain, and if they had disagreed, there was still time to withdraw the guilty plea before the defendant was finally sentenced the next day. Although it is not argued Horovitz waived his right to object by his failure to withdraw the guilty plea, see United States v. Millet, 5 Cir., 1977, 559 F.2d 253, 256–57, the prosecution does contend that this failure indicates Horovitz and counsel recognized that the Government's explanation of the plea bargain was correct.

1. Horovitz was named in one of the indictments that resulted in United States v. Bynum, 5 Cir., 1978, 566 F.2d 914 [Nos. 76–2973, 76–3085, 76–3015].

These arguments may ultimately bear on the findings of the District Court, but they do not eliminate the need for a remand. "[I]n a responsible, factual way the judiciary [needs to know] what the real score is." *Geisser v. United States,* 5 Cir., 1975, 513 F.2d 862, 864. To this end, while retaining jurisdiction, we vacate and remand for the District Court to supplement the record on appeal with findings of fact and conclusions of law on what the real plea agreement was: Had the Government, as impliedly stated by the defendant at the change of plea hearing, agreed that "the Government would recommend probation"? Or had the Government, as explained at sentencing, agreed merely to remain neutral in that it "agreed not to make a recommendation" but also "not to oppose probation"?[2] The District Court should conduct appropriate evidentiary hearings, supplementing as appropriate the existing transcripts, to make its findings.

As a preview of our action following remand, we say now that if the District Court finds the Government's version of the plea bargain to be accurate and we accept this finding as not being clearly erroneous, the defendant's sentence will be affirmed. On the other hand, if the District Court finds (i) in favor of the defendant's interpretation of the agreement and it is not clearly erroneous, or (ii) that it cannot now determine what the plea bargain was, Horovitz's sentence will again be vacated and the case remanded for further proceedings consistent with the principles of *Santobello v. New York,* 1971, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427, and our cases. *See, e. g., Geisser v. United States,* 5 Cir., 1977, 554 F.2d 698, 706; *United States v. Vale,* 5 Cir., 1974, 496 F.2d 365, 367; *Johnson v. Beto,* 5 Cir., 1972, 466 F.2d 478, 479–80.

VACATED and REMANDED.

2. The Clerk shall forward a supplemental record of the remand proceedings with findings and conclusions to this Court. The parties without further leave may file typewritten memoranda briefs as a continuation of the present appeal with no new notice of appeal, costs, etc.