[Crim. No. 42898. Second Dist., Div. Five. Oct. 20, 1983.]

In re DAVID S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
DAVID S., Defendant and Appellant.

**COUNSEL**

Robert J. Herman and J. Jeffrey Herman for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Daniel J. Kremer, Chief Assistant Attorney General, S. Clark Moore, Assistant Attorney General, Norman H. Sokolow and Howard J. Schwab, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**STEPHENS, J.**—Appellant, David S., a minor who falls within the provisions of section 602 of the Welfare and Institutions Code, contends that assault with a deadly weapon (Pen. Code, § 245, subd. (a)) is not a necessarily lesser included offense within a charge of attempted murder (Pen. Code, §§ 664/187). It is unnecessary to set forth the facts except to note that appellant and several other minors were involved in a fight. In the course of this altercation, one youth was killed. The facts established that appellant did not cause the death of Raymond Chavira and that appellant swung a knife at another youth.

The petition consisted of two counts:

"COUNT I: On or about October 31, 1981, in Ventura County, California, he did willfully, unlawfully, and with malice aforethought murder Raymond Chavira, a human being, thereby violating Section 187 of the Penal Code, a felony.

"COUNT II: On or about October 31, 1981, in Ventura County, California, he did willfully and unlawfully attempt to commit the crime of murder in violation of Section 187 of the Penal Code of the State of California, thereby violating Section 664/187 of the Penal Code, a felony."

In addition, the petition alleged language for the purpose of enhancing sentence as follows:

### "USE OF A DEADLY WEAPON

"It is further alleged that, in the commission and attempted commission of Count I and Count II, the said defendant, DAVID S., personally used a deadly and dangerous weapon, to wit, a knife, said use not being an element of the above offense, within the meaning of Penal Code Section 12022.5.

### "GREAT BODILY INJURY

"It is further alleged that, in the commission and attempted commission of Count II, the said defendant, DAVID S., with the intent to inflict such injury, inflicted great bodily injury upon Daniel Bustos, not an accomplice to the offense, within the meaning of Penal Code Section 12022.7 and/or 1203.075."

The lower court, having heard and considered the evidence and the points and authorities of counsel, made the findings set forth on page 104 of the clerk's transcript, which were as follows:

"The allegations of the petition are NOT TRUE as to Count I, murder, a violation of Section 187 of the Penal Code.

"The allegations of the petition are TRUE as to Count 2, assault with a deadly weapon, a violation of Section 245(a) of the Penal Code a lesser and necessarily included offense of Section 664/187 of the Penal Code. The court makes this finding beyond a reasonable doubt.

"The special allegation of use of a deadly weapon as to Count 2 to be TRUE beyond a reasonable doubt.

"The allegations of the petition as to the great bodily injury are NOT TRUE."

■ Appellant's contention on appeal is that the trial court lacked jurisdiction to convict him of assault with a deadly weapon, a violation of section 245 subdivision (a) of the Penal Code. He argues that since the offense was not alleged in the petition and since that offense does not constitute a necessarily included offense to the crime alleged, attempted murder, his conviction must be reversed.[1] Under the teaching of *People* v. *Wolcott* (1983) 34 Cal.3d 92 [192 Cal.Rptr. 748, 665 P.2d 520], we agree.

---

[1] It is conceded that, absent the enhancement allegation, felonious assault is not a lesser included offense.

The issue of whether or not felonious assault can be a lesser included offense of a greater crime when the assault is not specifically charged but is alleged in a use enhancement pursuant to section 12022.5 of the Penal Code is now settled.

In *Wolcott,* at page 101, the court concluded: "We therefore adhere to the majority view that an allegation of firearm use under [Penal Code] section 12022.5 should not be considered in determining lesser included offense. Language to the contrary in *People* v. *McGreen, supra,* 107 Cal.App.3d 504 [166 Cal.Rptr. 360], and *People* v. *Myers, supra,* 125 Cal.App.3d 735 [178 Cal.Rptr. 259] is disapproved."

It is unnecessary for us to restate the *Wolcott* analysis here. Suffice it to say, the use of a deadly weapon special allegation may not be used in this case anymore than could the firearm allegation in *Wolcott.* In the absence of such bolstering of the accusation through use of the special allegation, the crime of assault with a deadly weapon is not a necessarily included offense within a charge of attempted murder.

The adjudication and commitment order are reversed and the cause is remanded for further proceedings in conformity with this opinion.

Feinerman, P. J., and Ashby, J., concurred.

A petition for a rehearing was denied November 4, 1983, and the petitions of both parties for a hearing by the Supreme Court were denied December 21, 1983.