891 F.2d 294
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Hagos GEBREAMLAK, Plaintiff-Appellant,
v.
Daniel B. VASQUEZ, Defendant-Appellee.
 No. 88-15597.
 United States Court of Appeals, Ninth Circuit.
 Submitted Oct. 6, 1989.
Decided Dec. 8, 1989.
 
 Before HUG, FARRIS and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The appellant was charged with attempted murder and was convicted of the lesser related offense of assault with a deadly weapon. The appellant now seeks to be released from state prison on a writ of habeas corpus, claiming a number of due process violations in the state trial and appeals process as well as in the habeas corpus proceedings in state and district court. Specifically, the appellant claims that (1) his conviction of assault with a deadly weapon violated due process because assault with a deadly weapon was not charged in the information nor is it a necessarily included lesser offense of attempted murder; (2) the district court violated his due process rights by relying on an "informal response procedure" in dismissing his petition for habeas corpus relief; (3) the district court violated his due process rights by failing to hold an evidentiary hearing or to make an independent review of the record before dismissing his petition; (4) the state appellate court violated his due process rights by failing to make an independent review of the record; (5) the state trial court violated his due process rights by failing to instruct the jury sua sponte on appellant's theory of self-defense; and (6) the failure of the state to retry him on an attempted manslaughter charge once the jury indicated it could not reach a verdict on that charge violated his due process rights.
 
 
 3
 All but one of appellant's claims are entirely meritless or not properly before this court. These are disposed of below. The only remotely legitimate basis for the relief appellant seeks is his contention that his conviction of assault with a deadly weapon violated due process because assault with a deadly weapon was not charged in the information and is not a necessarily included lesser offense to the charge of attempted murder. In re David S., 148 Cal.App.3d 156 (1983)[1]; People v. Toro, 47 Cal.3d 966 (1987). But that contention is defeated by the fact that appellant requested instructions on assault with a deadly weapon as a lesser related offense. Federal and state law require trial courts to give such instructions if requested. Keeble v. United States, 412 U.S. 205 (1973) and People v. Geiger, 35 Cal.3d 510, 199 Cal.Rptr. 45 (1984). In Keeble, the Supreme Court held that a defendant has a right to instructions on lesser offenses. Similarly, in Geiger, the California Supreme Court reversed a conviction for burglary because the trial court refused to give instructions requested by defendant on the related offense of vandalism. The court held that where the jury is not persuaded of the defendant's guilt of the charged crime, they must be allowed to consider lesser related offenses where the lesser offense is closely related to the charged crime, where there is evidence of the lesser offense, where the defendant's theory of defense is consistent with such a finding, and where the defendant has notice of the instructions. Here, the jury was not persuaded of the defendant's guilt of the charged crime, the evidence shows that the act of assault with a deadly weapon was closely related to the charged crime of attempted murder, the appellant explicitly argued a theory consistent with a finding of assault, and the appellant requested the instruction, thus avoiding any notice issue.
 
 
 4
 Appellant now claims for the first time on appeal that he never consented to his attorney's request for such instructions. Wholly apart from the question whether appellant's consent was required, this claim fails for the simple reason that it was raised neither in state court nor in the district court and is, thus, not properly before us. Willard v. People of the State of California, 812 F.2d 461 (9th Cir.1987) (where petitioner failed to raise claim in district court claim cannot be heard on appeal); Green v. Christiansen, 732 F.2d 1397 (9th Cir.1984) (same); Macon v. Graven 457 F.2d 342 (9th Cir.1972) (where claim is for violations occurring in state court, claim must be asserted in state court and state remedies must be exhausted; 28 U.S.C.A. § 2254.)
 
 
 5
 Thus, appellant's contention that his conviction of assault with a deadly weapon violates due process because it was not charged in the information and is not a necessarily lesser included offense of the charged crime of attempted murder fails. Under Geiger, the appellant's theory of the case and his requested instructions required the trial court to instruct the jury on the lesser related offense of assault and allowed the jury to convict him on that charge.
 
 
 6
 The remainder of appellant's claims are entirely without merit. The appellant alleges that in dismissing his petition for a writ of habeas corpus, the district court relied on an informal response procedure involving ex parte communications between the district court and the state attorney general. The appellant alleges absolutely no facts to establish that any such informal response procedure or ex parte communications actually occurred. Appellant does claim that he never received the respondent's answer to his appeal because of errors in the prison mail system. However, that answer was properly served and notice of service was attached. Appellant apparently believes that the district court's denial of his motion to have more time to respond to respondent's answer transformed the answer into an ex parte communication and that such communications violate due process. If that is appellant's claim then it has no merit. The case on which appellant relies involved actual ex parte communications between the court and attorney general. In In re Ibarra, 34 Cal.3d 277, 193 Cal.Rptr. 538 (1983) the appellate court reversed a dismissal of a petition for a writ of habeas corpus because the lower court had communicated ex parte with the attorney general and then dismissed the petition before allowing the petitioner any opportunity to respond to the ex parte answer. Such is not the case here. There is no evidence that any ex parte communications were conducted by the district court or attorney general. The appellant had legal notice of the respondent's answer and opportunity to reply. Moreover, as the district court pointed out, even if appellant did not receive a copy of the answer, the evidence and precedent cited in the answer clearly supported the order dismissing the petition.
 
 
 7
 Nor was the district court required to establish that it conducted an independent review of the state court record. The appellant's petition to the district court for habeas corpus relief raised only two issues: whether his conviction of assault with a deadly weapon violated due process because it was charged in the information and is not a necessarily included lesser offense of the charged crime of attempted murder; and whether he must be retried on the attempted manslaughter charge, see discussion infra. Neither of these claims involved factual questions or challenges to the facts as established by the trial court. They involved questions of law not requiring any additional evidentiary hearing or independent review of the trial record. Townsend v. Sain, 372 U.S. 293 (1963); Chaney v. Lewis, 801 F.2d 1191 (9th Cir.1986) (district court under no obligation to review state court record where petition raises purely legal questions), cert. denied, 107 S.Ct. 1911 (1987); Duncan v. Carter, 299 F.2d 179 (9th Cir.), cert. denied, 370 U.S. 952 (1962). In any case, the district court order dismissing the appellant's petition indicates that an independent review of the trial court record was made and, thus, appellant's claim is baseless.
 
 
 8
 Appellant's claims that the state trial court violated due process by failing to instruct the jury sua sponte on appellant's theory of self-defense and that the state court of appeal failed to conduct an independent review are not properly before this court. Neither was ever raised in state court or district court habeas corpus proceedings. Thus, we do not consider these claims on appeal. See Willard v. California, 812 F.2d 461; Green v. Christiansen, 732 F.2d 1397; Macon v. Graven, 457 F.2d 342.
 
 
 9
 Finally, appellant argues that he must be retried on the attempted manslaughter charges. Although this claim was not raised before the state court and should thus be barred from being raised on appeal, the district court did consider it. Even were it properly raised, the basis for appellant's claim for relief is entirely unclear. The state is not required to retry a defendant after a hung jury. The case appellant cites in support of this contention merely notes the well established principle that a defendant may be retried on a charge on which the jury deadlocks. Stone v. Superior Court, 31 Cal.3d 503, 522 (1982) (citing People v. Rojas, 15 Cal.3d 540 (1975)). Because appellant has alleged no violation of the Constitution or laws of the United States he is not entitled to relief on this claim.
 
 
 10
 In sum, the appellant has failed to state a claim for habeas corpus relief and the district court decision is affirmed.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a) and Ninth Circuit rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note that the district court erred in distinguishing this case from that of David S. The district court read David S. to stand only for the proposition that assault with a deadly weapon is not necessarily a lesser included offense of attempted murder. It went on to conclude that because appellant, unlike the defendant in David S., had actually used a deadly weapon throughout the commission of the charged crime, assault with a deadly weapon was a lesser included offense in this case. But nothing in David S. provides a basis for such a distinction. Indeed, the language in that case could not be clearer: "[T]he crime of assault with a deadly weapon is not a necessarily included offense within a charge of attempted murder."
 Because the district court was correct in concluding that the appellant's request for instructions on assault provided alternative grounds for denying his requested relief, there is no need to reverse. We simply note the error in the court's reading of David S. to avoid possible confusion in future cases.