**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 13-50476 |
| Plaintiff - Appellee, | D.C. No. 2:12-cr-00210-DSF-1 |
| v. | |
| PRINCE MARTIN MAYELE, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
Dale S. Fischer, District Judge, Presiding

Argued and Submitted August 6, 2015
Pasadena, California

Before: SILVERMAN, SACK**, and WARDLAW, Circuit Judges.

Prince Martin Mayele appeals the judgment and sentence of the district court

following the entry of his guilty plea for engaging in mail and wire fraud. We have

jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

\*\* The Honorable Robert D. Sack, Senior Circuit Judge for the U.S.
Court of Appeals for the Second Circuit, sitting by designation.

Mayele entered into his guilty plea voluntarily and intelligently. *See United States v. Delgado-Ramos*, 635 F.3d 1237, 1239 (9th Cir. 2011). The lack of a Lingala interpreter at Mayele's proceedings did not render his guilty plea involuntary or unintelligent. At his change of plea, sentencing, and restitution hearings, Mayele demonstrated his ability to comprehend and communicate fluently in English. *See Forrens v. United States*, 504 F.2d 65 (9th Cir. 1974); *see also United States v. Bigman*, 906 F.2d 392, 394 n.1 (9th Cir. 1990). At his change of plea hearing in particular, Mayele explicitly confirmed his ability to understand the proceedings when asked by the district court. Mayele confirmed, *inter alia*, that he understood his rights; that counsel had read and discussed the plea agreement with him; that he understood the terms of the plea agreement; that he was pleading guilty of his own free will; and that he did not need additional time to discuss his rights with counsel. At each of his hearings, Mayele was consistently responsive to the court's queries, offering detailed answers which evinced an advanced proficiency in the English language.

At the June 11, 2012 scheduling conference, Mayele, his counsel, and the district judge agreed that Mayele spoke English "very well," such that no interpreter was required at that hearing. Counsel stated that day that an interpreter

would be required if the case proceeded to trial, and the district court left it to counsel to inform the court if an interpreter was required for any subsequent proceedings. The district court never made a finding that an interpreter was required pursuant to 28 U.S.C. § 1827(d)(1). Therefore, the district court was not required to have an interpreter present at Mayele's proceedings. And, neither counsel nor Mayele requested an interpreter at any of his subsequent hearings. Nor was there any indication that Mayele could not follow the proceedings, or that he needed any assistance in order to understand and communicate fluently with the district court. The issue of Mayele's purported need for a Lingala interpreter was not raised again until Mayele's pro se motions following sentencing.

**AFFIRMED.**